L. SCOTT OLIVER
CA #174824
Husch Blackwell LLP
355 South Grand Avenue
Suite 2850
Los Angeles, CA 90071
Telephone: (213) 356-2968
Facsimile: (213) 337-6551
scott.oliver@huschblackwell.com

MICHAEL T. RAUPP (*pro hac vice forthcoming*)
CYNTHIA L. CORDES (*pro hac vice forthcoming*)
RYANN A. GLENN (*pro hac vice forthcoming*)
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
michael.raupp@huschblackwell.com
cynthia.cordes@huschblackwell.com
ryann.glenn@huschblackwell.com

Attorneys for Plaintiff
TRIUMPH FOODS, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRIUMPH FOODS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of California, KAREN ROSS, in her official capacity as Secretary of the California Department of Food and Agriculture, and ERICA PAN, in her official capacity as Director of the California Department of Public Health, <br><br> Defendants. | Case No. <br><br> **NOTICE OF RELATED CASE** <br><br> Unlimited Civil Case <br><br> Dept.: <br> Judge: <br> Trial Date: <br> Action Filed: |

1

NOTICE OF RELATED CASE

HB: 4929-7257-5083.4

**NOTICE IS GIVEN** pursuant to Local Rule 83-1.3 by Plaintiff Triumph Foods, LLC ("Plaintiff" or "Triumph") in the above-captioned case of a related case styled *United States of America v. State of California et al.*, Case No. 2:25-cv-06230-MCS-AGR ("DOJ Matter"), opened in the U.S. District Court for the Central District of California.

Local Rule 83-1.3 mandates that parties must file promptly a Notice of Related Cases whenever two or more civil cases filed in this District:

(a) arise from the same or a closely related transaction, happening, or event;
(b) call for determination of the same or substantially related or similar questions of law and fact; or
(c) for other reasons would entail substantial duplication of labor if heard by different judges. That cases may involve the same patent, trademark, or copyright does not, by itself, constitute a circumstance contemplated by (a), (b), or (c).

The DOJ Matter and this action are related for several reasons. First, both arise from the "same or a closely related transaction, happening, or event," namely, the enactment and enforcement of Cal. Health & Safety Code § 25990 and its implementing regulations (Proposition 12, § 3, approved Nov. 6, 2018). Broadly speaking, the central challenge in both cases is that California has overstepped several constitutional boundaries by enacting Proposition 12 and its regulations, and will continue to aggravate those constitutional violations through Proposition 12's enforcement.

Second, both matters call for a determination of the same or substantially related/similar questions of law and fact. Both cases involve challenges to Proposition 12 on the basis of the Supremacy Clause, namely, that Proposition 12 is preempted by federal laws.

Specifically, the United States has challenged Proposition 12 pursuant to the Eggs Production Inspection Act ("EPIA"); Triumph has challenged Proposition 12 pursuant to the Federal Meat Inspection Act ("FMIA"). And of particular note, ***both***

1 *statues contain the exact same express preemption clause*. Take the EPIA's express preemption clause, found at 21 U.S.C.A. § 1052(a): it preempts "*[r]equirements within the scope of this chapter with respect to premises, facilities, and operations* of any official plant which are *in addition to or different than* those made under this chapter . . .*"* (emphasis added). The FMIA's express preemption clause contains the exact same language: it preempts "[*r*]*equirements within the scope of this chapter with respect to premises, facilities and operations* of any establishment at which inspection is provided under subchapter I of this chapter, which are *in addition to, or different than* those made under this chapter . . . .*"* As a result of the fact that both preemption clauses are materially indistinguishable, any statutory analysis applicable to one will be equally applicable to the other. And undoubtedly, such analysis will be a key feature in both cases, as the key question when analyzing preemption under an express preemption clause will require the Court to focus on the plain wording of any express preemption clause, since it contains the best evidence of the scope of Congress' preemptive intent. *See CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993).

Most importantly, *both* matters cite to and rely heavily upon the same precedent by the U.S. Supreme Court which analyzes the FMIA express preemption clause, *Nat'l Meat Ass'n v. Harris*, 565 U.S. 452 (2012) (striking down a prior California statute regulating pork processing establishments for violations of the FMIA's express preemption clause).

Third, for similar reasons, if the cases were to be heard by separate judges, substantial duplication of labor would occur at the very least. As detailed above, the DOJ Matter specifically argues that Proposition 12 is preempted by the EPIA because it requires the use of standards of quality or condition for eggs which are "in addition to or different from" the standards under the EPIA. Similarly, in addition to the interference with federally regulated establishment's facilities and operations, Triumph has also asserted that Proposition 12 is preempted by the FMIA

because it adds categories that are "in addition to or different from" the FMIA's standards for qualifying pigs and pork processing. Thus, it would lead to greater judicial efficiency if the cases were heard by the same judge, and would allow the Court to address Proposition 12 as it applies to two industries that are each heavily regulated by the federal government, each significantly dependent on the ability to sell and transport perishable goods throughout interstate commerce, and each currently hamstrung by California's insistence that it knows better in how to raise animals outside of its borders, which ultimately has resulted in nationwide regulation—and interference with the authority of Congress—over the egg and pork industries.

Dated: September 23, 2025.

        TRIUMPH FOODS LLC, Plaintiff.

        By: */s/ L. Scott Oliver*
        L. SCOTT OLIVER
        CA #174824
        Husch Blackwell LLP
        355 South Grand Avenue, Suite 2850
        Los Angeles, CA 90071
        Telephone: (213) 356-2968
        Facsimile: (213) 337-6551
        scott.oliver@huschblackwell.com

        MICHAEL T. RAUPP
        (*pro hac vice forthcoming*)
        CYNTHIA L. CORDES
        (*pro hac vice forthcoming*)
        RYANN A. GLENN
        (*pro hac vice forthcoming*)
        Husch Blackwell LLP
        4801 Main Street, Suite 1000
        Kansas City, MO 64112
        Telephone: (816) 983-8000
        Facsimile: (816) 983-8080
        michael.raupp@huschblackwell.com
        cynthia.cordes@huschblackwell.com
        ryann.glenn@huschblackwell.com

        *Attorneys for Triumph Foods, LLC*

# PROOF OF SERVICE

### *Triumph Foods, LLC v. Rob Bonta, et al.*;
### Case No. XX

I, L. Scott Oliver, declare:

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is Husch Blackwell LLP, 300 South Grand Avenue, Suite 1500, Los Angeles, CA 90071.

On September 23, 2025, I submitted for service the following document(s):

- **NOTICE OF RELATED CASE**

on the interested parties in this action as follows:

Defendants Rob Bonta, Karen Ross and Erica Pan

**BY PROCESS SERVER:** I caused a copy of the document(s) to be sent to a certified process server.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 23, 2025, at Los Angeles, California.

*/s/ L. Scott Oliver*