ROB BONTA
Attorney General of California
ANNA FERRARI
Supervising Deputy Attorney General
JAMES R. BOWEN
Deputy Attorney General
State Bar No. 334879
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone: (213) 269-6079
  E-mail: James.Bowen@doj.ca.gov
*Attorneys for Defendants*
*Rob Bonta, Karen Ross, and Erica Pan, in their Official Capacities*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRIUMPH FOODS, LLC,**<br><br>               Plaintiff,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California, KAREN ROSS, in her official capacity as Secretary of the California Department of Food and Agriculture, and ERICA PAN, in her official capacity as Director of the California Department of Public Health,**<br><br>               Defendants. | Case No. 2:25-cv-09063-WLH-AJR<br><br>**DEFENDANTS' SEPARATE NOTICE OF RELATED CASES**<br><br>Action Filed: September 23, 2025 |

1    Pursuant to Local Rule 83-1.3.1, Defendants Rob Bonta, in his official capacity as Attorney General of California; Karen Ross, in her official capacity as Secretary of the California Department of Food and Agriculture; and Erica Pan, in her official capacity as Director of the California Department of Public Health (collectively, "Defendants") notify the Court of two civil cases related to this action. Specifically, this case is related to two closed matters before Judge Snyder: *N. Am. Meat Inst. v. Becerra, et al.*, Case No. 2:19-cv-08569-CAS-FFM (C.D. Cal. dismissed June 15, 2023) ("*NAMI*") and *Iowa Pork Producers Ass'n v. Bonta et al.*, Case No. 2:21-cv-09940-CAS-AFM (C.D. Cal. dismissed June 29, 2022) ("*IPPA*").[1]

Civil cases are "related" if they: (a) "arise from the same or a closely related transaction, happening, or event"; (b) "call for determination of the same or substantially related or similar questions of law and fact"; or (c) "for other reasons would entail substantial duplication of labor if heard by different judges." L.R. 83-1.3.1. Cases that "involve resolution of an identical" constitutional claim "against state officials" are related under this standard. *ASAP Copy & Print v. Brown*, 2014 WL 12626344, at *2 (C.D. Cal. June 30, 2014)

In this case, like in *NAMI* and *IPPA*, Plaintiff Triumph Foods, LLC ("Plaintiff") seeks to strike down certain requirements of Proposition 12, California's Prevention of Cruelty to Farm Animals Act, that are applicable to producers and distributors of pigs that sell pork meat in California. Both *NAMI* and *IPPA* concerned substantially similar constitutional challenges to the same provisions of Proposition 12 at issue in this case.

Each action, like this one, alleged Proposition 12's "Turn Around" and "Square Footage" requirements for pig production violated certain constitutional

---

[1] As discussed in Defendants' concurrently filed Objection to Plaintiff Triumph Foods, LLC's Notice of Related Case, this case is not related to *United States of America v. State of California et al.*, Case No. 2:25-cv-06230-MCS-AGR (C.D. Cal. 2025), under Local Rule 83-1.3. (Dkt. 3 at 2.)

rights or federal laws. (*Compare* Dkt. 1 ¶¶ 79-80, 85-86, 137-296, *with* First Amended Compl. ¶¶ 19, 30, 44-95, *NAMI*, 2:19-cv-08569-CAS-FFM (C.D. Cal., Mar. 9, 2020), Dkt. 73 ("*NAMI* FAC"), *and* First Amended Compl. ¶¶ 6, 8, 125-230, *IPPA*, 2:21-cv-09940-CAS-AFM (C.D. Cal., Dec. 16, 2021), Dkt. 23 ("*IPPA* FAC").) Each action, like this one, sought an injunction preventing the application of these two requirements, and concerned whether these two requirements furthered public health and safety and raised the costs of pork products. (Compare Dkt. 1 ¶¶ 126-136, 141 n.9, 204, *with NAMI* FAC ¶¶ 58-60, 74, 86-87, 92, *and IPPA* FAC ¶¶ 20-21, 105-111, 213.) In fact, the plaintiffs in *NAMI* and *IPPA* each brought at least one claim that overlaps entirely with one advanced by Plaintiff in this case: discrimination against out-of-state pork producers in violation of the Commerce Clause in both *NAMI* and *IPPA*, as well as Due Process Clause challenges based on an alleged failure to timely issue regulations and purported statutory vagueness in *IPPA*. (*Compare* Dkt. 1 ¶¶ 229-282, *with NAMI* FAC ¶¶ 44-64, *and IPPA* FAC ¶¶ 125-173, 203-219.)

And in both *NAMI* and *IPPA*, Judge Snyder issued merits orders considering the plaintiffs' claims, including the ones reasserted in this litigation. (Minute Order, *NAMI*, 2:19-cv-08569-CAS-FFM (C.D. Cal., Feb. 24, 2020), Dkt. 64; Minute Order, *IPPA*, 2:21-cv-09940-CAS-AFM (C.D. Cal., Feb. 28, 2022), Dkt. 83.) These orders fully considered and rejected the same Commerce Clause and Due Process arguments raised by Plaintiff here. (*See* Minute Order at 5, 7-10, *NAMI*, 2:19-cv-08569-CAS-FFM (C.D. Cal., Feb. 24, 2020), Dkt. 64 (outlining and rejecting arguments that Proposition 12 discriminates against out-of-state pork producers in violation of the Commerce Clause); Minute Order at 5-6, 8-14, 19-22, *IPPA*, 2:21-cv-09940-CAS-AFM (C.D. Cal., Feb. 28, 2022), Dkt. 83 (outlining and rejecting arguments that Proposition 12 violated the Commerce and Due Process Clauses via purported discrimination against out-of-state pork producers, vagueness in Proposition 12's terms, and failure to timely promulgate regulations.) And these

orders were appealed and ultimately affirmed by the Ninth Circuit. (*See* Memorandum from the Ninth Circuit Court of Appeals, *NAMI*, 2:19-cv-08569-CAS-FFM (C.D. Cal., Oct. 15, 2020), Dkt. 75; Memorandum from the Ninth Circuit Court of Appeals, *IPPA*, 2:21-cv-09940-CAS-AFM (C.D. Cal., June 25, 2024), Dkt. 98.)

Accordingly, not only does this case arise from the same circumstances as *NAMI* and *IPPA*, it also involves legal and factual issues *identical* to ones presented in those cases. These identical issues were litigated fully through the appellate process and upheld by the Ninth Circuit. Requiring another judge in this District to review identical challenges to the same provisions of Proposition 12 that Judge Snyder has already reviewed in these two prior two cases is unnecessary and a "substantial duplication of labor."

In sum, this case should be related to *NAMI* and *IPPA* under Local Rule 83-1.3. As discussed more fully in Defendants' concurrently filed Objection to Plaintiff's Notice of Related Case, there are no grounds for relating this case to *United States v. California*, Case No. 2:25-cv-06230-MCS-AGR. Accordingly, Defendants respectfully request that the Court issue an order relating this matter to *NAMI* and *IPPA* and declining to designate this matter as related to *United States v. California*.

| | |
|---|---|
| Dated: October 9, 2025 | Respectfully submitted,<br><br>ROB BONTA<br>Attorney General of California<br>ANNA FERRARI<br>Supervising Deputy Attorney General<br><br>/s/ *James R. Bowen*<br><br>JAMES R. BOWEN<br>Deputy Attorney General<br>*Attorneys for Rob Bonta, Karen Ross, and Erica Pan, in their Official Capacities* |

# CERTIFICATE OF SERVICE

| Case Name: | **Triumph Foods, LLC v. Rob Bonta, et al.** | Case No. | **2:25-cv-09063** |
|---|---|---|---|

I hereby certify that on <u>October 9, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS' SEPARATE NOTICE OF RELATED CASES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on <u>October 9, 2025</u>, at Los Angeles, California.

|  |  |
|---|---|
| Linda Zamora | *[signature]* |
| Declarant | Signature |

SA2025305435
67990618