| | |
|---|---|
| 1 | ROB BONTA |
| | Attorney General of California |
| 2 | ANNA FERRARI |
| | Supervising Deputy Attorney General |
| 3 | JAMES R. BOWEN |
| | Deputy Attorney General |
| 4 | State Bar No. 334879 |
| |   300 South Spring Street, Suite 1702 |
| 5 |   Los Angeles, CA  90013-1230 |
| |   Telephone:  (213) 269-6079 |
| 6 |   E-mail:  James.Bowen@doj.ca.gov |
| | *Attorneys for Defendants* |
| 7 | *Rob Bonta, Karen Ross, and Erica Pan, in their* |
| | *Official Capacities* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRIUMPH FOODS, LLC,** | Case No. 2:25-cv-09063-WLH-AJR |
| Plaintiff, | |
| v. | **DEFENDANTS' OBJECTION TO PLAINTIFF'S NOTICE OF RELATED CASE** |
| **ROB BONTA, in his official capacity as Attorney General of California, KAREN ROSS, in her official capacity as Secretary of the California Department of Food and Agriculture, and ERICA PAN, in her official capacity as Director of the California Department of Public Health,** | Action Filed: September 23, 2025 |
| Defendants. | |

1   Pursuant to Local Rule 83-1.3.3, Defendants Rob Bonta, in his official
2   capacity as Attorney General of California; Karen Ross, in her official capacity as
3   Secretary of the California Department of Food and Agriculture; and Erica Pan, in
4   her official capacity as Director of the California Department of Public Health
5   (collectively, "Defendants") object to Plaintiff Triumph Foods, LLC's ("Plaintiff")
6   Notice of Related Case (Dkt. 3).

7   Plaintiff contends that this case is related to *United States of America v. State*
8   *of California et al.*, Case No. 2:25-cv-06230-MCS-AGR (C.D. Cal. 2025), under
9   Local Rule 83-1.3. (Dkt. 3 at 2.) This case is not related to *United States v.*
10  *California*. As discussed in Defendant's concurrently filed Separate Notice of
11  Related Cases, however, this action is related to two closed matters before Judge
12  Snyder: *N. Am. Meat Inst. v. Becerra, et al.*, Case No. 2:19-cv-08569-CAS-FFM
13  (C.D. Cal. dismissed June 15, 2023) ("*NAMI*") and *Iowa Pork Producers Ass'n v.*
14  *Bonta et al.*, Case No. 2:21-cv-09940-CAS-AFM (C.D. Cal. dismissed June 29,
15  2022) ("*IPPA*").

16  Civil cases are "related" if they: (a) "arise from the same or a closely related
17  transaction, happening, or event"; (b) "call for determination of the same or
18  substantially related or similar questions of law and fact"; or (c) "for other reasons
19  would entail substantial duplication of labor if heard by different judges." L.R. 83-
20  1.3.1. Accordingly, cases with "little factual matter in common aside from the
21  identity of the Defendants" and that "would not entail substantial duplication of
22  labor if heard by two different judges" are not related under this Rule. *Bonilla v.*
23  *United Brands Co.*, 2011 WL 13220120, at *2 (C.D. Cal. Mar. 21, 2011).

24  Plaintiff's challenge to Proposition 12, California's Prevention of Cruelty to
25  Farm Animals Act, in this case is wholly distinct from the *United States v.*
26  *California* action. Here, Plaintiff, a pork processor and distributor, seeks a
27  nationwide injunction against Proposition 12 on the asserted grounds that the
28  measure is expressly and impliedly preempted by the Federal Meat Inspection Act,

21 U.S.C. § 601 *et seq.* ("FMIA"). (Dkt. 1 ¶¶ 15, 137-228.) Plaintiff's core theory is that the FMIA's laws and implementing regulations conflict with certain requirements of Proposition 12 regarding pork sales in California. (*See id.* ¶¶ 25-228.) Plaintiff also asserts three causes of action against Defendants under 42 U.S.C. § 1983 based on purported violations of the Constitution's Commerce Clause, Due Process Clause, and Import-Export Clause. (*Id.* ¶¶ 229-296.)

In *United States v. California*, currently pending in this District, the federal government pleads three counts asserting that requirements on chickens imposed by Assembly Bill 1437 (2009-2010 Reg. Sess.) ("AB 1437"), Proposition 12's prohibition of the sale of eggs, and regulations regarding labeling and packaging of egg products, are preempted by the Egg Products Inspection Act, 21 U.S.C. § 1031 *et seq.* ("EPIA"). (First Amended Compl. ¶¶ 53-66, *United States v. California*, 2:25-cv-06230 (C.D. Cal., Sept. 2, 2025), Dkt. 47.) Only one count argues that Proposition 12 is preempted, and with respect only to its prohibition on the sale of certain eggs. (*Id.* ¶¶ 60-63.) As relief, the federal government seeks an injunction striking down specified California laws and regulations that it contends concern the packaging, labeling, and sale of eggs. (*Id.* at 14-15.) The case is (improperly) brought against California Governor Gavin Newsom as well. And the plaintiff in *United States v. California* is not a private party, but the federal government.

In short, Plaintiff in this case and the federal government in *United States v. California* (1) are different types of plaintiffs who (2) seek different relief (3) against different groups of defendants (4) based on different arguments and (5) different supporting allegations that (6) assertedly sustain different causes of action which are (7) predicated on different federal laws. The only commonality between these two actions—that they both challenge aspects of Proposition 12—is superficial at best, considering that each case concerns different substantive laws regulating different industries. Numerous issues in this case—including the scope of the injunctive relief sought, Plaintiff's three asserted § 1983 claims, the

3

interpretation of the FMIA, and California's laws concerning the sale of pork products within its borders—are not at issue in *United States v. California*. And *United States v. California* involves issues not present here—including AB 1437, California's egg-specific laws and regulations, and a different type of plaintiff bringing the action. No germane issue overlaps between these cases; the fact each involves a challenge to Proposition 12 in different respects is insufficient. Thus, these two cases do not "arise from the same or a closely related transaction, happening, or event" or "call for determination of the same or substantially related or similar questions of law and fact."

No "substantial duplication of labor" is prevented by requiring the same Court to evaluate two separate sets of laws in different contexts twice, as opposed to two Courts each considering one once. While Plaintiff contends that there are similarities between the FMIA and EPIA's preemption clauses, (*see* Dkt. 3 at 2-3), this merits argument is irrelevant to both this case and *United States v. California*. Each action involves allegations concerning either the FMIA *or* the EPIA, which are different statutes. Neither Plaintiff's nor the federal government's causes of action require a Court to consider these separate laws in tandem.

In sum, there are no grounds for relating this case to *United States v. California*, Case No. 2:25-cv-06230-MCS-AGR under Local Rule 83-1.3. Instead, as discussed more fully in Defendants' concurrently filed Separate Notice of Related Cases, relation to both *NAMI* and *IPPA* is appropriate. Accordingly, Defendants respectfully request that the Court issue an order relating this matter to *NAMI* and *IPPA* and declining to designate this matter as related to *United States v. California*.

| | | |
|---|---|---|
| 1 | Dated: October 9, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | ROB BONTA<br>Attorney General of California<br>ANNA FERRARI |
| 4 | | Supervising Deputy Attorney General |
| 5 | | |
| 6 | | /s/ *James R. Bowen* |
| 7 | | JAMES R. BOWEN<br>Deputy Attorney General |
| 8 | | *Attorneys for Rob Bonta, Karen Ross, and Erica Pan, in their Official Capacities* |

## CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Triumph Foods, LLC v. Rob Bonta, et al.** | Case No. | **2:25-cv-09063** |

I hereby certify that on <u>October 9, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS' OBJECTION TO PLAINTIFF'S NOTICE OF RELATED CASE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on <u>October 9, 2025</u>, at Los Angeles, California.

| Linda Zamora | |
|---|---|
| Declarant | Signature |

SA2025305435
67990642