L. SCOTT OLIVER
CA #174824
Husch Blackwell LLP
355 South Grand Avenue
Suite 2850
Los Angeles, CA 90071
Telephone: (213) 356-2968
Facsimile: (213) 337-6551
scott.oliver@huschblackwell.com

MICHAEL T. RAUPP
CYNTHIA L. CORDES
RYANN A. GLENN
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
michael.raupp@huschblackwell.com
cynthia.cordes@huschblackwell.com
ryann.glenn@huschblackwell.com

Attorneys for Plaintiff
TRIUMPH FOODS, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRIUMPH FOODS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California, KAREN ROSS, in her official capacity as Secretary of the California Department of Food and Agriculture, and ERICA PAN, in her official capacity as Director of the California Department of Public Health,<br><br>Defendants. | Case No. 2:25-cv-09063-WLH-AJR<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' NOTICE OF RELATED CASES**<br><br>Action Filed: September 23, 2025 |

Pursuant to Local Rule 83-1.3.3, Plaintiff Triumph Foods, LLC ("Plaintiff" or "Triumph") objects to Defendants Rob Bonta, Karen Ross, and Erica Pan's (collectively, "Defendants") Notice of Related Case (ECF No. 17). Defendants contend that this matter is related to two closed matters, specifically, *N. Am. Meat Inst. v. Becerra, et al.*, Case No. 2:19-cv-08569-CAS-FFM (C.D. Cal., dismissed June 15, 2023) ("NAMI") and *Iowa Pork Producers Ass'n v. Bonta et al.*, Case No. 2:21-cv-09940-CAS-AFM (C.D. Cal., dismissed June 29, 2022) ("IPPA"). For at least two key reasons, it is not.

***First***, and dispositively, the NAMI and IPPA cases are closed. Courts have routinely determined that there is little to no benefit in relating a pending case to a case already closed. *See, e.g., Williams v. Haag*, No. C 12-3310 SI PR, 2012 WL 3114819, at *2 (N.D. Cal. July 31, 2012) ("That case already has been dismissed, and there is no benefit to relating this case to a closed case."); *Lockwood v. Lopez*, No. C-87-20799 RPA, 1996 WL 162957, at *1 (N.D. Cal. Apr. 3, 1996) ("The Court finds no authority supporting the proposition that a party can relate a pending case to one already closed."); *Reeves v. U.S. Dep't of Just.*, No. 25-CV-3405 (LTS), 2025 WL 1640820, at *2 n.1 (S.D.N.Y. May 14, 2025) ("Because that action is closed and no longer pending, this action may not be deemed related to the closed case."); *cf. Levien v. hibu plc*, 475 F. Supp. 3d 429, 444 (E.D. Pa. 2020), *aff'd*, No. 20-2731, 2021 WL 5742664 (3d Cir. Dec. 2, 2021) (holding that "there is no additional convenience [in litigating cases together] since the [earlier] cases have been resolved"); *cf. Singletary v. Nationstar Mortg., LLC*, No. CV TDC-14-3204, 2016 WL 1089419, at *2 n.3 (D. Md. Mar. 21, 2016) ("The Court cannot consolidate this case with one that has been closed."). Indeed, it is unclear what Defendants hope to accomplish by relating the cases, as relating this case to cases long closed will result in little to no use in terms of judicial efficiency or other litigation benefit.[1] And this

---

[1] In contrast, this is precisely why Plaintiff has submitted that this case is related to a case that is currently ongoing in this district, namely, *United States of*

is particularly the case given that neither the IPPA case or the NAMI case were resolved on any *factual* ground. Instead, NAMI resulted in a voluntary dismissal after the appeal of a denial of a motion for preliminary injunction,[2] and IPPA was dismissed via a motion to dismiss.[3] Because the cases Defendants wish to relate are fully closed, their suggestion fails out of the gate, and the Court need go no further.

***Second***, even if it were proper for this Court to evaluate the relatedness of this case to ones already closed, the cases are not related as a matter of law. Civil cases are "related" if they: (a) "arise from the same or a closely related transaction, happening, or event"; (b) "call for determination of the same or substantially related or similar questions of law and fact"; or (c) "for other reasons would entail substantial duplication of labor if heard by different judges." L.R. 83-1.3.1. Although it is true that the NAMI Complaint[4] and the IPPA Complaint[5] challenged Proposition 12, that is where any similarity ends. Take, for example, what Defendants call the "core theory"[6] asserted by Plaintiff in this suit. Plaintiff argues that Proposition 12 and its regulations are expressly preempted by the Federal Meat Inspection Act, 21 U.S.C. § 601 (the "FMIA") and its attendant regulations.[7] *See,*

---

*America v. State of California et al.*, 2:25-cv-06230-MCS-AGR (C.D. Cal. 2025).

[2] Stipulation to Dismiss Case Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), *NAMI*, 2:19-cv-08569-CAS-FFM (C.D. Cal., June 15, 2023), ECF No. 83.

[3] Min. Order, *IPPA*, 2:21-cv-09940-CAS-AFM (C.D. Cal., Feb. 28, 2022), ECF No. 83.

[4] The operative complaint in the NAMI action is located at ECF No. 73 in the NAMI case, 2:19-cv-08569-CAS-FFM (C.D. Cal., Mar. 9, 2020) ("NAMI Complaint").

[5] The operative complaint in the IPPA action is located at ECF No. 23 in the IPPA case, 2:21-cv-09940-CAS-AFM (C.D. Cal., Dec. 16, 2021) ("IPPA Complaint").

[6] *See* Defs.' Obj. to Pl.'s Notice of Related Case p.3, ECF No. 18 ("Plaintiff's core theory is that the FMIA's laws and implementing regulations conflict with certain requirements of Proposition 12 regarding pork sales in California.")

[7] The FMIA contains an express preemption clause that preempts state "[r]equirements within the scope of this chapter with respect to premises, facilities and operations of any establishment at which inspection is provided under

*e.g.*, Compl. ¶¶ 137–210, ECF No. 1. And if not expressly preempted, at the very least, Proposition 12 and its regulations undermine and conflict with the federal scheme the FMIA attempts to achieve. *Id.*, ¶¶ 211–228, ECF No. 1. This core claim ***was not even asserted*** in the NAMI case or the IPPA case. As a result, the preemptive reach of the FMIA on Proposition 12 was never analyzed or addressed by any district court judge. It is a brand-new issue, unrelated to any prior case.

This key difference in legal theories also leads to a more substantive reason why this case cannot be related to the IPPA or NAMI cases. The FMIA's express preemption clause preempts state "[r]equirements within the scope of this chapter with respect to ***premises, facilities and operations*** of any establishment at which inspection is provided under subchapter I of this chapter, which are in addition to, or different than those made under this chapter . . . ." 21 U.S.C. § 678 (emphasis added). Thus, at issue in this case (and as described extensively in the Complaint) is the precise nature of the disruption that Proposition 12 has inflicted upon Triumph's premises, facilities, and operations as dictated by the FMIA. *See, e.g.*, Compl. ¶¶ 144–210, ECF No. 1. This is necessarily a fact-intensive proposition, and one that Defendants will undoubtedly want to vigorously litigate. But this adversarial, fact-intensive process never occurred in either the IPPA or NAMI cases, and thus simply did not call for determination of any related question of law or fact. As a result, there would be no substantial duplication of labor for this case to proceed separate from the NAMI and IPPA litigation.

Of course, that is not the only difference in legal theories between the NAMI and IPPA Complaints, and the legal theories presented in the current action. Defendants make much ado about the fact that all three cases involve a dormant Commerce Clause claim alleging discrimination against out-of-state pork producers, and that all cases involved due process challenges. That is inaccurate and paints with

---

subchapter I of this chapter, which are in addition to, or different than those made under this chapter . . . ." 21 U.S.C. § 678.

1. too broad a brush. Take the dormant Commerce Clause claims, for example. The current action takes targeted aim specifically at a portion of Proposition 12 that grants a sales exception to in-state processors, which allows only in-state processors the ability to sell noncompliant meat products that would otherwise violate Proposition 12. *See, e.g.*, Compl. ¶¶ 232–236, ECF No. 1. Contrast that with the IPPA and NAMI cases, which do not bring any such dormant Commerce Clause challenge at all. Instead, they were mainly premised on the interstate burden and discrimination created by Proposition 12 as it relates to out-of-state pig *farmers*. NAMI Compl. ¶¶ 44–64; IPPA Compl. ¶¶ 203–219. Here, pig farmers are not parties to the pending action, and this precise issue surrounding the Proposition 12 sales exception granted in favor of in-state FMIA processing facilities has never been addressed by any district court judge in this Circuit. As for due process, the NAMI Complaint did not contain any due process argument at all; and the IPPA Complaint addressed vagueness concerns as it relates to out-of-state pig *farmers*, not processors. Additionally, the pending action identifies due process concerns as implicated by not only Proposition 12, but also its regulations, which were not implemented—and thus not at issue—in either the NAMI or IPPA proceedings. *See, e.g.*, Compl. ¶¶ 255–282, ECF No. 1.

In sum, this Court should summarily reject Defendants' improper attempt to relate this case to two cases that are already closed. And even if the Court were to look past the fact that the two cases are already closed, there are no substantive grounds for relating this case to the NAMI or IPPA actions. This Court should accordingly deny Defendants' request to relate this case to the NAMI or IPPA cases.

Dated: October 16, 2025.

TRIUMPH FOODS LLC, Plaintiff.

By: */s/ L. Scott Oliver*
L. SCOTT OLIVER
CA #174824

Husch Blackwell LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone: (213) 356-2968
Facsimile: (213) 337-6551
scott.oliver@huschblackwell.com

MICHAEL T. RAUPP
CYNTHIA L. CORDES
RYANN A. GLENN
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
michael.raupp@huschblackwell.com
cynthia.cordes@huschblackwell.com
ryann.glenn@huschblackwell.com

*Attorneys for Triumph Foods, LLC*

## PROOF OF SERVICE

I hereby certify that service of the foregoing document will be accomplished by the Court's CM/ECF system as permitted by Local Rule 5-3.2.1.


/s/ L. Scott Oliver