L. SCOTT OLIVER
CA #174824
Husch Blackwell LLP
355 South Grand Avenue
Suite 2850
Los Angeles, CA 90071
Telephone: (213) 356-2968
Facsimile: (213) 337-6551
scott.oliver@huschblackwell.com

MICHAEL T. RAUPP
CYNTHIA L. CORDES
RYANN A. GLENN
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
michael.raupp@huschblackwell.com
cynthia.cordes@huschblackwell.com
ryann.glenn@huschblackwell.com

Attorneys for Plaintiff
TRIUMPH FOODS, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIUMPH FOODS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California, KAREN ROSS, in her official capacity as Secretary of the California Department of Food and Agriculture, and ERICA PAN, in her official capacity as Director of the California Department of Public Health,<br><br>Defendants. | Case No. 2:25-CV-09063-CAS-AJR<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO PROPOSED INTERVENORS' MOTION TO INTERVENE**<br><br>The Honorable Christina Snyder<br><br>Date: December 15, 2025<br>Time: 10:00 a.m.<br>Location: Zoom<br>Trial Date: None<br>Action Filed: September 23, 2025 |

1

**TABLE OF CONTENTS**

2

Page

3

TABLE OF AUTHORITIES ............................................................................... ii

4

5

INTRODUCTION ........................................................................................... 1

6

ARGUMENT.................................................................................................... 1

7

I.    Proposed Intervenors Fail To Meet The Elements Of Mandatory Intervention................................................................................... 2

8

9

A.    Proposed Intervenors fail to recognize the strong presumption that California will adequately represent their interest ............................. 3

10

11

B.    Proposed Intervenors and California have the same objectives and interests in this litigation ..................................................... 4

12

13

C.    Any differences in interests that do exist merely represent differences in litigation strategy, which are not enough to justify mandatory intervention............................................................... 8

14

15

D.    Any specialized experience or knowledge that Proposed Intervenors may have is not a reason to grant intervention.................................. 13

16

17

II.    The Court Should Deny Permissive Intervention ....................................... 15

18

CONCLUSION ............................................................................................. 17

19

CERTIFICATE OF COMPLIANCE................................................................. 18

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

Page(s)

## <u>Cases</u>

*Animal Legal Def. Fund v. Otter*,
   300 F.R.D. 461 (D. Idaho 2014) ................................................................ 10, 17

*Arakaki v. Cayetano*,
   324 F.3d 1078 (9th Cir. 2003), *as amended* (May 13, 2003)...................... 3, 4, 5

*California ex rel. Lockyer v. United States*,
   450 F.3d 436 (9th Cir. 2006) ........................................................................ 9, 10

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
   647 F.3d 893 (9th Cir. 2011) ........................................................................ 3, 10

*City of Santa Monica v. United States*,
   No. CV138046JFWVBKX, 2016 WL 10576629 (C.D. Cal. Sept. 23, 2016) .... 11

*Donnelly v. Glickman*,
   159 F.3d 405 (9th Cir. 1998) ............................................................................ 15

*Drakes Bay Oyster Co. v. Envtl. Action Comm. of W. Marin*,
   571 Fed. App'x 605 (9th Cir. 2014) ................................................................... 5

*Drakes Bay Oyster Co. v. Salazar*,
   No. 12-CV-06134-YGR, 2013 WL 451813 (N.D. Cal. Feb. 4, 2013) ................. 5

*Gonzalez v. Arizona*,
   485 F.3d 1041 (9th Cir. 2007) .......................................................................... 11

*Jackson v. Abercrombie*,
   282 F.R.D. 507 (D. Haw. 2012)......................................................................... 11

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
   No. 15-CV-01257-JST, 2015 WL 5071949 (N.D. Cal. Aug. 27, 2015)............. 16

*Los Angeles SMSA Ltd. P'ship v. City of Los Angeles, Cal.*,
   817 F. App'x 350 (9th Cir. 2020) ...................................................................... 11

*Moore v. Verizon Commc'ns Inc.*, No. C,
   09-1823 SBA, 2013 WL 450365 (N.D. Cal. Feb. 5, 2013) ............................... 15

*Myer v. Cnty. of Orange*,
   874 F.2d 816 (9th Cir. 1989) ............................................................................ 16

*New Cingular Wireless PCS, LLC v. Kootenai Cnty., Idaho*,
   No. 2:23-CV-00124-AKB, 2023 WL 7283153 (D. Idaho Nov. 2, 2023).......... 17

*Nw. Forest Res. Council v. Glickman*,
   82 F.3d 825 (9th Cir.1996) ................................................................................. 8

*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*,
   960 F.3d 603 (9th Cir. 2020) ........................................................................ 3, 13

*Perry v. Proposition 8 Official Proponents*,
   587 F.3d 947 (9th Cir. 2009) ...................................................................... 2, 4, 8

*Prete v. Bradbury*,
 438 F.3d 949 (9th Cir. 2006) ..............................................................2, 6, 13, 14
*Sagebrush Rebellion, Inc. v. Watt*,
 713 F.2d 525 (9th Cir. 1983) ...................................................................... 10
*Trbovich v. United Mine Workers of Am.*,
 404 U.S. 528 (1972) ....................................................................................... 3
*United States v. Alisal Water Corp.*,
 370 F.3d 915 (9th Cir. 2004) ........................................................................ 2
*United States v. City of Los Angeles, Cal.*,
 288 F.3d 391 (9th Cir. 2002) ................................................................. 3, 8, 9
*Valley View Health Care, Inc. v. Chapman*,
 No. 1:13-CV-0036-LJO-BAM, 2013 WL 4541602 (E.D. Cal. Aug. 27, 2013). 14
*Victim Rights Law Ctr. v. Rosenfelt*,
 988 F.3d 556 (1st Cir. 2021)........................................................................... 8
*Vivid Entm't, LLC v. Fielding*,
 No. CV 13-00190 DDP AGRX, 2013 WL 1628704 (C.D. Cal. Apr. 16, 2013)  11
*Washington v. U.S. Food & Drug Admin.*,
 108 F.4th 1163 (9th Cir. 2024) ...................................................................... 4

**Rules**

Fed. R. Civ. P. 24(a)–(b) ...................................................................................... 1
Fed. R. Civ. P. 24(b) ........................................................................................... 15

**Regulations**

Cal. Code Regs. tit. 3, §§ 1322–1327.3 (effective September 1, 2022)................ 12

**Other Authorities**

Electronic Order, *Triumph Foods, LLC v. Campbell*, No. 1:23-CV-11671 (Sept.
 19, 2023), ECF No. 50....................................................................................... 14
PROPOSITION—ANIMALS—PREVENTION OF FARM ANIMAL CRUELTY
 ACT, 2008 Cal. Legis. Serv. Prop. 2 ................................................................. 5

OPPOSITION TO MOTION TO INTERVENE

1

## **INTRODUCTION**

2

Proposed Intervenors[1] move to intervene—both as of right and

3

4

permissively—under Rule 24 to defend California's Proposition 12. The motion

5

fails. Mandatory intervention collapses on the fourth element of the controlling

6

inquiry: Proposed Intervenors cannot overcome the robust presumption that the State

7

of California, defending a citizen-enacted law, will adequately protect their identical

8

9

interests in Proposition 12's survival. Mere stylistic divergences and speculative

10

differences in defense tactics fall far short of the "very compelling showing"

11

required to overcome this presumption. Permissive intervention fares no better; the

12

13

Proposed Intervenors' defenses will mirror California's, and adding redundant

14

parties would only burden the proceedings with delay and duplication. This Court

15

should deny the motion.

16

17

## **ARGUMENT**

18

Under the Federal Rules of Civil Procedure, there are two types of

19

20

intervention: mandatory and permissive. Fed. R. Civ. P. 24(a)–(b). Here, Proposed

21

Intervenors seek to intervene under both. But because they fail to establish

22

entitlement to either type of intervention under the governing standards, their motion

23

24

should be denied.

25

26

27

28

[1]Proposed Intervenors consist of seven entities: (1) the Humane World for
Animals, (2) the Animal Legal Defense Fund, (3) Animal Equality, (4) The Human
League, (5) Farm Sanctuary, (6) Compassion in World Farming, Inc., and (7) Animal
Outlook. *See* ECF No. 26.

1

## I. Proposed Intervenors Fail To Meet The Elements Of Mandatory Intervention.

Under Fed. R. Civ. P. 24(a)(2), which governs mandatory intervention, Proposed Intervenors carry the burden of establishing that "(1) the intervention application is timely; (2) the applicant has a 'significant protectable interest relating to the property or transaction that is the subject of the action'; (3) 'the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest'; and (4) 'the existing parties may not adequately represent the applicant's interest.'" *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (citing *United States v. Alisal Water Corp.*, 370 F.3d 915, 918 (9th Cir. 2004)). "The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met." *Alisal Water Corp.*, 370 F.3d at 919. Failure to satisfy any single one of these elements is "fatal to the application," and [the Court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Here, as is common in mandatory-intervention cases, the rubber meets the road on the fourth element, which requires the Proposed Intervenors to illustrate that the State of California may not adequately represent their interests. They start from a challenging spot, because there is a presumption that California will sufficiently defend Proposition 12, and Proposed Intervenors have not explained how this strong presumption is overcome. Accordingly, mandatory intervention should be denied.

### A.    Proposed Intervenors fail to recognize the strong presumption that California will adequately represent their interest.

In their motion, Proposed Intervenors attempt to argue why California's interests are different from their own, and thus why California's representation "may be" inadequate. ECF No. 26-1 at 20 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 528 n.10 (1972)). But this is an incorrect framing of the issue and fails to recognize the applicable legal standard that applies here. It is black-letter law that "[w]hen an applicant for intervention and an existing party have the same ultimate objective, ***a presumption of adequacy of representation arises***." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (emphasis added). Furthermore, the Court is to assume that representation is adequate where—as is the case here—"***the government is acting on behalf of a constituency that it represents***." *Arakaki*, 324 F.3d at 1086 (emphasis added); *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 401 (9th Cir. 2002). Under this presumption, unless Proposed Intervenors can make a "very compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Arakaki*, 324 F.3d at 1086 (citation omitted); *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011); *see also Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (applying this "heightened threshold" where a government entity was involved and the parties had the same ultimate

objective).

Proposed Intervenors, and the State of California, have the same ultimate objective and interests: to keep Proposition 12 on the books.[2] And there can be no dispute that California is acting on behalf of its constituency in defending Proposition 12, which was enacted by ballot measure. Thus, the presumption applies, which Proposed Intervenors fail to address.

**B.    Proposed Intervenors and California have the same objectives and interests in this litigation.**

Even assuming that Proposed Intervenors can overcome the presumption of adequate representation by California, their motion still must be denied. In analyzing the fourth element for mandatory intervention, the Court "considers three factors": "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086; *Perry*, 587 F.3d at 952. The "most important" of these factors is

---

[2]And even if they did seek different relief, they would need to establish that they have Article III standing, a requirement intended to "screen out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action and prevent the federal courts from becoming a vehicle for the vindication of the value interests of concerned bystanders." *Washington v. U.S. Food & Drug Admin.*, 108 F.4th 1163, 1172 (9th Cir. 2024) (citation modified). In other words, either Proposed Intervenors seek the same relief as California, and if they somehow do not, each of the seven special interest groups must have independent Article III standing.

the determination of "how the interest compares with the interests of existing parties." *Arakaki*, 324 F.3d at 1086. Further, a key inquiry is whether California's approach would "concede[] ___**necessary elements**___ to the proceeding*." Drakes Bay Oyster Co. v. Salazar*, No. 12-CV-06134-YGR, 2013 WL 451813, at *7 (N.D. Cal. Feb. 4, 2013), *aff'd sub nom. Drakes Bay Oyster Co. v. Envtl. Action Comm. of W. Marin*, 571 Fed. App'x 605 (9th Cir. 2014) (emphasis added).

Here, the arguments Proposed Intervenors submit fail to articulate any compelling reason why they would be able to overcome the presumption of adequate representation. Generally stated, Proposed Intervenors contend they have a "narrower interest" as they are "advocating for the prevention of cruelty to animals and the health and safety interests of their members," while California is more generally concerned with the administration of its laws. ECF No. 26-1 at 20–21. They similarly contend that they have more of a "national perspective" when it comes to farm animal protection. ECF No. 26-1 at 22–23.

But this is a distinction without a difference. For one, Proposed Intervenors are simply wrong to argue that California does not have any interest in animal welfare. The Act itself states that the "purpose of this act is to prohibit the cruel confinement of farm animals . . . ." PROPOSITION—ANIMALS—PREVENTION OF FARM ANIMAL CRUELTY ACT, 2008 Cal. Legis. Serv. Prop. 2 (Proposition

5

2). An interest in enforcing the Act, at least under its own stated objectives, [3] is an interest in prohibiting purportedly cruel confinement of farm animals. Thus, California's interest in defending Proposition 12 expressly encapsulates any interest in animal welfare that Proposed Intervenors have. To say that California has an interest in enforcing the law, but not in ensuring animal welfare, simply defies logic based on the plain text of the statute at issue.

Regardless, to state that California may have additional considerations relating to the general enforcement of the law is not to say that they have *different* interests that warrant intervention. *See Prete,* 438 F.3d at 957 (noting intervention may be appropriate where a public interest group could bring a "materially different" perspective). That a state entity has different, broader *types* of interests than a special interest group by virtue of being a state entity does not mean anything, at least by itself; instead, Proposed Intervenors must tie that difference in interest to some argument that California is unlikely to make, or at least point to some tangible indicia foreshadowing that California may neglect some aspect of the argument. But the only hint of such an argument in Proposed Intervenors' brief is nothing more than rank speculation, wherein they contend that "California may not want to argue that selling pork derived from breeding pigs kept in gestation crates is inherently cruel,

---

[3] Triumph disputes, as a matter of fact, that the Act's central purpose is to further of animal welfare; it only recognizes that a state generally has an interest in furthering animal welfare. Triumph also disputes that the Act itself furthers animal welfare goals as related to breeding pigs.

6

since the State previously allowed the sale of those products." ECF No. 26-1 at 12.

Notably, they do not explain how that argument would be legally relevant to the

claims in this lawsuit in the first place.[4] But more substantively, Proposed

Intervenors point to no evidence indicating that California will somehow take a more

limited approach in defending the Act than Proposed Intervenors would like.

And that is likely because there is no such evidence. As even referenced by

Proposed Intervenors themselves, California has already defended Proposition 12 in

several prior suits, and they point to no example where California was unwilling to

make an argument that would otherwise have been made.[5] As there is simply no

indication that California would do anything less than trying to keep Proposition 12

wholly intact, the presumption remains intact, and the motion for intervention should

be denied.

---

[4]Proposed Intervenors do not explain how California's position on what is "inherently cruel" has anything to do with the issues in this suit, or how it would make the Act more or less constitutionally valid especially vis-à-vis pork *processors* (like Triumph) who do not house animals themselves.

[5]Grasping at straws, Proposed Intervenors point out (via a footnote) that California did not make a judicial estoppel argument in another case challenging a different portion of Proposition 12 brought by the Department of Justice. ECF No. 26-1 at 22 n.10. In that case, Proposed Intervenors are attempting to foreclose the Department of Justice from taking an inconsistent position in light of an amicus brief the Department submitted some time ago, where the state did not make such an argument. Obviously, no such risk exists here, given that the Department of Justice is not a party to this suit, and because the federal statute at issue in that proceeding, the Egg Products Inspection Act, is not at issue in this suit.

7

**C.**   **Any differences in interests that do exist merely represent differences in litigation strategy, which are not enough to justify mandatory intervention.**

As explained above, Proposed Intervenors cannot point to any evidence or indicia that California will not defend Proposition 12 vigorously and fully. But assume, for the sake of the argument, that California may take a different tact or approach to defending the Act; *that is not enough as a matter of law to warrant intervention*. Unless Proposed Intervenors can make a showing that California has somehow "made concessions that would sell [Proposed Intervenors] down the river," "mere differences in litigation strategy are not enough to justify intervention as a matter of right." *Perry*, 587 F.3d at 953–54 (citation cleaned up). In other words, that California may seek to defend Proposition 12 on different grounds from Proposed Intervenors is not a compelling showing that overcomes the presumption of adequate representation. *See, e.g., City of Los Angeles*, 288 F.3d at 402–03 (seeking to intervene "merely to ensure that [a law] is strictly enforced" is "merely differences in strategy, which are not enough to justify intervention"); *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir.1996) (holding that "minor differences in opinion" between the parties and proposed intervenor "fail[] to demonstrate inadequacy of representation"); *Perry*, 587 F.3d at 954 (addressing various stipulations on evidence that intervenor-applicants argued they would not have agreed to); *see also Victim Rights Law Ctr. v. Rosenfelt*, 988 F.3d 556, 562 (1st Cir. 2021) ("[A] movant-intervenors' interest in making an additional constitutional

argument in defense of government action does not render the government's representation inadequate.").

Thus, it does not matter that California may be interested in more limited readings of Proposition 12, or more expansive readings of the Federal Meat Inspection Act, in order to defend Proposition 12.[6] *See* ECF No. 26-1 at 23 (arguing that intervention is warranted because California "can simply advocate for any ruling that preserves Proposition 12," while the Proposed Intervenors "intend to advocate for specific rulings, including specific interpretations of the FMIA, that would help preserve similar laws."). Indeed, "just because the government theoretically may offer a limiting construction of a statute that is narrower than that of a party proposing intervention does not mean that the party has overcome the presumption of adequacy of representation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006); *City of Los Angeles*, 288 F.3d at 402–03 (seeking to intervene "merely to ensure that [a law] is strictly enforced" is "merely [a] difference[] in strategy, which [is] not enough to justify intervention"). Again, Proposed Intervenors must instead make a "very compelling showing" of the government's inadequacy, which means that the government "will abandon or

---

[6]This is a dubious proposition in the first place. Indeed, on the issue of preemption, it is hard to imagine a situation in which California's arguments would differ extensively from that of Proposed Intervenors. The issue of federal preemption under the FMIA, and arguments for and against it, would not harm Proposed Intervenors' interest in attempting to enact laws like Proposition 12 on a nationwide basis.

9

concede a potentially meritorious reading of the statute." *Lockyer*, 450 F.3d at 444. The fact that California "may take a more cautious, balanced approach as to issues related to federal preemption . . . is not a compelling showing that overcomes the presumption of adequate representation." *Animal Legal Def. Fund v. Otter*, 300 F.R.D. 461, 465 (D. Idaho 2014) (citation modified).

Nowhere are these principles seen better than in reviewing a few examples where a court *did* find good cause for intervention. In *Citizens for Balanced Use*, three conservation groups sought to intervene as defendants on the side of the government in an action brought by an advocacy group challenging an interim order issued by the United States Forest Service limiting snowmobiles and other motorized vehicles. 647 F.3d at 895. There, intervention was warranted, as the government only "reluctantly" adopted the challenged interim order, and "under compulsion of a district court decision gained by [intervenor-applicants'] previous litigation." *Id.* at 899. Furthermore, the government was *simultaneously* seeking to overturn on appeal "the very court decision that forced it to adopt the Interim Order." *Id.* Under these facts, the Ninth Circuit found that the intervenor-applicants had made a "compelling showing" of inadequate representation because the interests were clearly at odds between the government and the proposed intervenors in adopting an interim order. *Id.* Other cases are in accordance, *i.e.*, if an intervenor can prove some actual, tangible indicia that the state will not defend the law, intervention may be warranted. *See, e.g.*, *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th

Cir. 1983) (granting intervention, in large part, because the defendant—then Secretary of the Interior James Watt—had previously been in charge of the foundation representing the plaintiff challenging the law's constitutionality); *Jackson v. Abercrombie*, 282 F.R.D. 507, 519 (D. Haw. 2012) (statements that government official would not defend law); *Vivid Entm't, LLC v. Fielding*, No. CV 13-00190 DDP AGRX, 2013 WL 1628704, at *5 (C.D. Cal. Apr. 16, 2013) ("Because Defendants decline to defend the Measure substantively, Proposed Intervenors will offer an element to the proceedings that would otherwise be neglected, namely, a full defense of the constitutionality and validity of the Measure."); *Gonzalez v. Arizona*, 485 F.3d 1041, 1052 (9th Cir. 2007) (affirming denial of citizen's group motion to intervene where there was no indication that the state was unwilling or unable to defend the challenged proposition); *Los Angeles SMSA Ltd. P'ship v. City of Los Angeles, Cal.*, 817 F. App'x 350, 351 (9th Cir. 2020) (affirming denial of a neighborhood association's motion to intervene where nothing in the record suggested that the City would fail "mount as vigorous a defense as" the association would); *City of Santa Monica v. United States*, No. CV138046JFWVBKX, 2016 WL 10576629, at *3 (C.D. Cal. Sept. 23, 2016) (denying motion to intervene because the proposed intervenors' "personal interest" was not meaningfully distinct from the federal government's "public interest" in defending the challenged law).

OPPOSITION TO MOTION TO INTERVENE

These cases stand in stark contrast to the situation here. Proposed Intervenors can point to *nothing* indicating that California is somehow "reluctantly" defending Proposition 12, or that it is somehow "under compulsion" to do so. Nor do Proposed Intervenors point to any evidence that California will somehow take an undesirable legal position adverse to Proposed Intervenors or concede necessary elements to the proceeding. Quite the contrary; as pointed out by Proposed Intervenors themselves, this isn't the first time that Proposition 12 has been challenged. California has defended each one of those lawsuits, and in each one of those lawsuits, defended Proposition 12 in full.[7] Nor can the Proposed Intervenors site any consent decrees, failures to answer, or any other action on behalf of California that show acquiescence regarding challenges made to Proposition 12.

In sum, the arguments that Proposed Intervenors have submitted to this Court—which are rank speculation as to inadequacy of representation—simply do not overcome this bar. And because they cannot point out how California would "stake out an undesirable legal position . . . [t]he presumption of adequacy . . .

---

[7]Proposed Intervenors point out that they have been admitted several times as intervenors in other suits challenging Proposition 12. But the test is not whether Proposed Intervenors have been admitted as intervenors in other suits. The test is whether they can point to an argument that California will not make. If anything, the fact that California has never faltered in its defense of Proposition 12 in any of those prior suits weighs against intervention now. Indeed, the State of California has now enacted regulations seeking to enforce Proposition 12 and has given every indication that it will enforce it to its fullest extent. *See, e.g.*, Cal. Code Regs. tit. 3, §§ 1322–1327.3 (effective September 1, 2022).

12

remain[s] intact." *Oakland*, 960 F.3d at 620.[8]

> **D.    Any specialized experience or knowledge that Proposed Intervenors may have is not a reason to grant intervention.**

Finally, Proposed Intervenors contend that they should be allowed to intervene because they have a "wealth of experience in litigating and advocating for the humane treatment of farm animals" and thus "bring extensive factual and legal knowledge to this case that is not shared in full by the State Defendants." ECF No. 26-1 at 30.

This experience is legally irrelevant considering the presumption of California's adequacy and the factors that govern this Court's determination as to whether mandatory intervention is permitted. Any type of specialized knowledge a party may have is not enough to intervene in cases such as these, where the government is acting on behalf of the constituency it represents. *See, e.g., Oakland*, 960 F.3d at 621 (holding an expertise in environmental issues does not warrant intervention of right); *see also Prete*, 438 F.3d at 958–959 (holding expertise in the subject is insufficient)). Even if Proposed Intervenors have any expertise in the

---

[8]To be sure, if at any point it appears to the Court that the Defendants may not be adequately defending the Act or representing the Proposed Intervenors' ultimate interest in advocating for the validity of the Act, the Court can revisit intervention at that time. The problem is that Proposed Intervenors cannot point to any evidence *now* that would allow them to overcome the applicable standard and the presumption of adequacy. *See Oakland*, 960 F.3d at 620 (9th Cir. 2020) (rejecting intervention where the intervenors "failed to offer persuasive evidence, at the time of their motion to intervene, that [the state's] broader interests would lead it to stake out an undesirable legal position.").

subject, this does not somehow invalidate *California's* expertise on the same subject, nor does it establish a compelling showing of inadequate representation by California. *See, e.g., Prete*, 438 F.3d at 956–59 (even though intervenors had a significant protectable interest which an adverse judgment might impede or impair, the intervenors' interests were adequately represented by the state, and, therefore, the district court had erred in granting their motion to intervene). In other words, even if Proposed Intervenors do have some specialized knowledge regarding the Act, they have provided no evidence that *California* lacks comparable expertise. *Id.* Further still, even if they had proven that California's expertise was presently insufficient (which they have not), California "could also acquire additional specialized knowledge through discovery (*e.g.*, by calling upon intervenor-defendants to supply evidence) or through the use of experts." *Id.* at 958. "Thus, such a reason is insufficient to provide the 'compelling showing' necessary to overcome the presumption of adequate representation." *Id.* at 959.[9]

---

[9]The Court could also simply grant Proposed Intervenors amicus status, as has been done in previous cases. For example, Proposed Intervenors were denied intervention status but granted leave to file amicus briefing in a lawsuit challenging Mass. Gen. Laws Ann. ch. 129 App. § 1, a ballot initiative in Massachusetts that prohibited the sale of certain pork, veal, and egg products. *See* Electronic Order, *Triumph Foods, LLC v. Campbell*, No. 1:23-CV-11671 (Sept. 19, 2023), ECF No. 50 ("The motion to intervene is denied as it appears the proposed intervenors' interests are adequately represented by the Commonwealth defendants. The Court welcomes the proposed intervenors as amici curiae . . . Should it become apparent that the Court needs to receive evidence in this case about genuinely disputed facts, the Court will reconsider this ruling sua sponte."); *see also Valley View Health Care, Inc. v. Chapman*, No. 1:13-CV-0036-LJO-BAM, 2013 WL 4541602, at *9 (E.D. Cal. Aug. 27, 2013) (holding that while "the Proposed Intervenors may have a

In sum, Proposed Intervenors have been unable to "articulate a credible, non-speculative reason as to why the representation of its interests by [California] may be inadequate," and thus they have not sufficiently carried their "burden to demonstrate that its interests may not be adequately represented by the existing parties." *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 450365, at *15 (N.D. Cal. Feb. 5, 2013). The Proposed Intervenors did not identify any arguments that the Defendants may not advance, did not argue that Defendants will concede necessary elements to the proceeding, and failed to explain why they would add the missing ingredient into the Defendants' defense of the Act. Therefore, this Court should deny their request for mandatory intervention.

## II.    The Court Should Deny Permissive Intervention.

In the alternative to mandatory intervention, Proposed Intervenors also move for permissive intervention under Rule 24. Permissive intervention allows a party to timely intervene if the party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). But "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). A key factor is "the nature and extent of the intervenors' interest and whether the

_____

unique point of view and expertise, intervention as a party will not necessarily facilitate resolution on the merits, but is likely to result in a delay in the proceedings and duplicative briefing, adding a layer of unwarranted procedural complexity" but permitting them "leave to file an amicus brief").

15

intervenors' interests are adequately represented by other parties." *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-CV-01257-JST, 2015 WL 5071949, at *4 (N.D. Cal. Aug. 27, 2015) (citation modified); *see also Myer v. Cnty. of Orange*, 874 F.2d 816 (9th Cir. 1989).

Because the Proposed Intervenors have not made a compelling showing to overcome the presumption of adequate representation by the government, they cannot do so under the theory of permissive intervention either. Indeed, as described above, Proposed Intervenors do not have as much as a claim or defense that shares a common question of law or fact with California, as much as they bring the exact *same* claims or defenses that the State of California will bring. Adding an additional seven parties (or even more[10]) will only serve to complicate arguments, result in delay and duplicative briefing, and needlessly create additional layers of procedural complexity. *See, e.g., L.A. Taxi Coop., Inc.*, 2015 WL 5071949, at *5 (denying permissive intervention where the proposed intervenor had "not demonstrated that its interests are inadequately represented"); *Myer*, 874 F.2d at 816 (denying permissive intervention where the interests at issue were already "adequately

---

[10]Indeed, Triumph notes that there is an entirely separate group of intervenors that has now also filed a similar motion to intervene. *See* ECF No. 31 (filed by the Center for Humane Economy and Animal Wellness Action). The argument that each of these special interest groups bring something extra to the table that California does not, strains credulity. And in the event the Court were to grant any of these motions to intervene, at the very least the Court should require consolidated briefing for any motions filed by California and any admitted intervenors for the sake of judicial efficiency.

represented by the existing parties"); *New Cingular Wireless PCS, LLC v. Kootenai Cnty., Idaho*, No. 2:23-CV-00124-AKB, 2023 WL 7283153, at *6 (D. Idaho Nov. 2, 2023) (same); *Otter*, 300 F.R.D. at 465 (same). For these reasons, as well as those stated in opposition to the Proposed Intervenors' request for mandatory intervention, the Motion must be denied.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request the Court deny the Proposed Defendant-Intervenors' Motion to Intervene.

Dated: November 24, 2025.

TRIUMPH FOODS LLC, Plaintiff.

By: */s/ Michael T. Raupp*
L. SCOTT OLIVER
CA #174824
Husch Blackwell LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone: (213) 356-2968
Facsimile: (213) 337-6551
scott.oliver@huschblackwell.com

MICHAEL T. RAUPP
CYNTHIA L. CORDES
RYANN A. GLENN
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
michael.raupp@huschblackwell.com
cynthia.cordes@huschblackwell.com
ryann.glenn@huschblackwell.com

*Attorneys for Triumph Foods, LLC*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Triumph Foods, LLC, certifies that this brief contains 4,399 words, which:

X complies with the word limit of L.R. 11-6.1.

Dated: Monday, November 24, 2025

By: */s/ Michael T. Raupp*
L. SCOTT OLIVER
CA #174824
Husch Blackwell LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone: (213) 356-2968
Facsimile: (213) 337-6551
scott.oliver@huschblackwell.com

MICHAEL T. RAUPP
CYNTHIA L. CORDES
RYANN A. GLENN
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
michael.raupp@huschblackwell.com
cynthia.cordes@huschblackwell.com
ryann.glenn@huschblackwell.com

*Attorneys for Triumph Foods, LLC*

OPPOSITION TO MOTION TO INTERVENE