BRUCE A. WAGMAN (CSB No. 159987)
BWagman@rshc-law.com
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, CA  94104
Telephone:  (415) 275-8540
Facsimile:   (415) 275-8551
*Counsel for Proposed Defendant-Intervenors
Humane World for Animals, Animal Legal
Defense Fund, Animal Equality,
The Humane League, Farm Sanctuary,
Compassion in World Farming, Inc., and Animal
Outlook*

REBECCA CARY (CSB No. 268519)
rcary@humaneworld.org
STIJN VAN OSCH
svanosch@humaneworld.org
HUMANE WORLD FOR ANIMALS
1255 23rd St., NW, Suite 450
Washington, D.C. 20037
Telephone:  (202) 676-2330
Facsimile:   (202) 676-2357
*Counsel for Proposed Defendant-Intervenor
Humane World for Animals*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIUMPH FOODS, LLC,<br><br>             Plaintiff,<br><br>       v.<br><br>ROB BONTA, in his official capacity as Attorney General of California, KAREN ROSS, in her official capacity as Secretary of the California Department of Food and Agriculture, and ERICA PAN, in her official capacity as Director of the California Department of Public Health<br><br>             Defendants. | Case No. 2:25-cv-09063- CAS-AJR<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' MOTION TO INTERVENE**<br><br>The Honorable Christina A. Snyder<br><br>Date:         January 12, 2026<br>Time:         10:00 AM<br>Location:    By Zoom<br>Trial Date:   None<br>Action Filed: September 23, 2025 |

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................... ii

I.   INTRODUCTION ........................................................................................ 1

II.  ARGUMENT ................................................................................................ 2

   A.  Proposed Defendant-Intervenors Meet The Standard For Intervention As A Matter Of Right Under Rule 24(a) ............................. 2

      1.  No Presumption of Adequacy Applies to Proposed Defendant-Intervenors' Motion ................................................. 2

      2.  Even If A Presumption of Adequacy Applies, There Are Compelling Reasons To Overcome The Presumption And Find Inadequacy of Representation .................................................... 5

      3.  Proposed Defendant-Intervenors' Different Arguments and Expertise Additionally Show Inadequacy ............................. 9

   B.  Proposed Defendant-Intervenors Satisfy The Criteria For Permissive Intervention Under Rule 24(b) ................................................. 10

III. CONCLUSION ........................................................................................... 13

CERTIFICATE OF COMPLIANCE .................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*April in Paris v. Becerra*,
  2020 WL 2404620 (E.D. Cal. May 12, 2020).................................................................8

*Arakaki v. Cayetano*,
  324 F.3d 1078 (9th Cir. 2003).............................................................3, 4, 5, 6

*Assoc. Dog Clubs of N.Y. v. Vilsack*,
  44 F. Supp. 3d 1 (D.D.C. 2014) ....................................................................8

*Barke v. Banks*,
  2020 WL 2315857 (C.D. Cal. May 7, 2020)..................................................4, 5, 9

*Bates v. Jones*,
  904 F. Supp. 1080 (N.D. Cal. 1995)...............................................................5, 9

*Berger v. N.C. State Conf. of the NAACP*,
  597 U.S. 179 (2022) ...........................................................................2, 3, 5, 10

*Boot Barn, Inc. v. Bonta*,
  2023 WL 5155878 (E.D. Cal. Aug. 10, 2023) .................................................6, 7

*Brumback v. Ferguson*,
  343 F.R.D. 335 (E.D. Wash. 2022) ....................................................................4

*California ex rel. Lockyer v. United States*,
  450 F.3d 436 (9th Cir. 2006)............................................................................2

*Chinatown Neighborhood Assn. v. Brown*,
  3:12-cv-03759-WHO, Dkt. 17 (N.D. Cal. Sept. 14, 2012) ................................8

*Doe v. Harris*,
  2013 WL 140053 (N.D. Cal. Jan. 10, 2013) ....................................................12

*Forest Conserv. Council v. U.S. Forest Serv.*,
  66 F.3d 1489 (9th Cir. 1995), *abrogated on other grounds by*
  *Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173 (9th Cir.
  2011) ............................................................................................ 2, 3, 4, 8

*Hollingsworth v. Perry*,
  570 U.S. 693 (2013) ................................................................................. 4

*Iowa Pork Producers Ass'n v. Bonta*,
  No. 2:21-CV-09940, Dkt. 84 (C.D. Cal. Feb. 28, 2022) ...................... 1, 11, 13

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
  2015 WL 5071949 (N.D. Cal. Aug. 27, 2015) ...................................... 12

*Myer v. County of Orange*,
  874 F.2d 816 (9th Cir. 1989) ................................................................ 13

*N. Am. Meat Inst. v. Becerra*,
  420 F. Supp. 3d 1014 (C.D. Cal. 2019), *aff'd*, 825 F. App'x 518 (9th
  Cir. 2020) ................................................................................................ 10

*N. Am. Meat Inst. v. Becerra*,
  No. 2:19-cv-08569-CAS-FFMx, Dkt. 43 (C.D. Cal. Nov. 22, 2019) ........... 1, 10

*Nat'l Pork Prod. Council v. Ross*,
  598 U.S. 356 (2023) ............................................................................... 12

*Nat'l Pork Producers Council v. Ross*,
  Case No. 3:19-cv-02324, Dkt. 17 (S.D. Cal. Jan. 9, 2020) .................... 1

*New Cingular Wireless PCS, LLC v. Kootenai Cnty., Idaho*,
  2023 WL 7283153 (D. Idaho Nov. 2, 2023) ......................................... 12

*Pennsylvania v. Rizzo*,
  530 F.2d 501 (3d Cir. 1976) ..................................................................... 3

*Perry v. Brown*,
  265 P.3d 1002 (Cal. 2011) ........................................................................ 12

*Perry v. Prop. 8 Official Proponents*,
    587 F.3d 947 (9th Cir. 2009)...................................................................................6

*Perry v. Schwarzenegger*,
    630 F.3d 898 (9th Cir. 2011)...................................................................................4

*Prete v. Bradbury*,
    438 F.3d 949 (9th Cir. 2006)...............................................................................2, 4

*Sagebrush Rebellion Inc. v. Watt*,
    713 F.2d 525 (9th Cir. 1983).............................................................................2, 9

*Spangler v. Pasadena City Bd. of Ed.*,
    552 F.2d 1326 (9th Cir. 1977)..............................................................................12

*Trbovich v. United Mine Workers*,
    404 U.S. 528 (1972) ................................................................................................3

*Triumph Foods, LLC v. Campbell*,
    156 F.4th 29 (1st Cir. 2025) ...................................................................................7

*Triumph Foods, LLC v. Campbell*,
    No. 1:23-CV-11671, Dkt. 50 (D. Mass. Sept. 19, 2023).........................................7

*United States v. California*,
    No. 2:25-cv-06230-MCS-AGR, Dkt. 56 (C.D. Cal. Sept. 23, 2025)....................1

*United States v. City of Los Angeles, Cal.*,
    288 F.3d 391 (9th Cir. 2002)...................................................................................9

*Yniguez v. Arizona*,
    939 F.2d 727 (9th Cir. 1991)...................................................................................5

**Statutes**

Federal Meat Inspection Act.......................................................................... 7, 9, 11

Proposition 12 (Cal. Health & Safety Code §§ 25990 *et seq.*) .........................*passim*

**Court Rules**

Ninth Circuit Rule 36-3 ................................................................................... 13

Federal Rule of Civil Procedure Rule 24.............................................................4, 9

| | | |
|---|---|---|
| 1 | Federal Rule of Civil Procedure 24(a) | 1, 2, 7 |
| 2 | Federal Rule of Civil Procedure Rule 24(b) | 1, 2, 10, 13 |
| 3 | Federal Rule of Civil Procedure Rule 24(b)(1)(B) | 11 |
| 4 | Local Rule 7-10 | 1 |
| 5 | Local Rule 7-11 | 1 |

## I. INTRODUCTION

Proposed Defendant-Intervenors, a group of animal welfare organizations who were the proponents, authors and primary supporters of Proposition 12[1]—a fact not acknowledged by Plaintiff in the entirety of its opposition brief—should be granted leave to intervene in this matter.[2] This exact same group of organizations has been granted leave to intervene in every case challenging the provisions of Proposition 12, including in the related case that resulted in the transfer of this case.[3] Triumph's counsel is well aware of this fact, as it represented the Iowa Pork Producers Association in one of the cases challenging Proposition 12 *in this Court*, making the *same arguments* against intervention—which this Court previously rejected.[4] Nowhere in its lengthy opposition brief does Plaintiff argue that the circumstances of this case differ materially from those prior cases—nor could it, as the claims are strikingly similar. In the *IPPA* case, the plaintiff admitted that Proposed Defendant-Intervenors met the standards for intervention under Rule 24(b). Plaintiff's strident opposition here, in light of prior intervention decisions and while barely mentioning

---

[1] Cal. Health & Safety Code §§ 25990 *et seq.;* A. Padilla, Cal. Sec'y of State, *Text of Proposed Laws* 87 (Nov. 6, 2018), https://vig.cdn.sos.ca.gov/2018/general/pdf/topl.pdf.

[2] Based on the Court's Scheduling Notice, Dkt. 35 (Nov. 25, 2025), the deadline for this Reply is now December 29, 2025, per Local Rules 7-10 and 7-11. However, in the interest of judicial economy and to give the Court ample opportunity to review, Proposed Defendant-Intervenors have chosen to file this Reply earlier.

[3] *See* Order Regarding Transfer, Dkt. 29 (Nov. 7, 2025) (citing related case no. 2:19-cv-08569-CAS-FFMx); Order Granting Defendant-Intervenors' Mot. to Intervene & Denying Plaintiff's Mot. for Prelim. Inj., *N. Am. Meat Inst. v. Becerra*, No. 2:19-cv-08569-CAS-FFMx ("*NAMI*"), Dkt. 43 (C.D. Cal. Nov. 22, 2019); *see also* Order Granting Defendant-Intervenors' Motion to Intervene, *Nat'l Pork Producers Council v. Ross*, Case No. 3:19-cv-02324, Dkt. 17 (S.D. Cal. Jan. 9, 2020); Order Granting Intervenors' Mot. to Intervene & Denying Prelim. Inj., *Iowa Pork Producers Ass'n v. Bonta*, No. 2:21-CV-09940 ("*IPPA*"), Dkt. 84 (C.D. Cal. Feb. 28, 2022); *United States v. California*, No. 2:25-cv-06230-MCS-AGR, Dkt. 56 (C.D. Cal. Sept. 23, 2025). *Cf.* Proposed Intervenor-Defendants' Mem. of Points and Authorities, Dkt. 26-1, at 1-3 (filed Oct. 20, 2025) (describing prior cases in which intervention has been granted).

[4] Plaintiff's Opp. to Mot. for Leave to Intervene, *IPPA*, Dkt. 71 (filed C.D. Cal. Feb. 7, 2022) ("*IPPA* Opposition"); Order Granting Intervenors' Mot. to Intervene and Denying Prelim. Inj., *IPPA*, Dkt. 84 (C.D. Cal. Feb. 28, 2022) ("*IPPA* Order").

those decisions, is perplexing. Proposed Defendant-Intervenors are entitled to intervene under Federal Rule of Civil Procedure 24(a), or alternatively, should be granted permissive leave to intervene under Rule 24(b).

## II. ARGUMENT

### A. Proposed Defendant-Intervenors Meet The Standard For Intervention As A Matter Of Right Under Rule 24(a)

Proposed Defendant-Intervenors meet the four-part test for intervention under Rule 24(a). *See, e.g., California ex rel. Lockyer v. United States*, 450 F.3d 436, 440-41 (9th Cir. 2006) (setting forth the four factors of (1) timeliness, (2) protected interest, (3) impairment, and (4) adequacy of representation)). Plaintiff essentially concedes the first three prongs have been met, as they must. *See* Plaintiff's Opp. to Mot. to Intervene, Dkt. 33 at 2 (filed Nov. 24, 2025). Proposed Defendant-Intervenors moved timely to intervene, and as ballot measure proponents, they have a protectable interest in the ballot measure that may be impaired by an adverse court decision. *See, e.g., Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (citing *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)). Plaintiff's arguments as to adequacy of representation overstate the threshold Proposed Defendant-Intervenors must clear and ignore important differences between the state defendants and the Proposed Defendant-Intervenors.

#### 1. No Presumption of Adequacy Applies to Proposed Defendant-Intervenors' Motion

Plaintiffs overstate Proposed Defendant-Intervenors' burden in showing inadequacy of representation. *See* Dkt. 33 at 3-4. As the Supreme Court recently reaffirmed, the starting point for the intervention analysis is that Rule 24(a) presents "proposed intervenors with only a *minimal* challenge." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 195 (2022) (emphasis added); *accord Forest Conserv. Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173 (9th Cir. 2011)

("The applicant-intervenor's burden in showing inadequate representation is minimal: it is sufficient to show that representation *may* be inadequate." (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

A presumption of adequacy is sometimes applied in cases where the interests of the intervenor and an existing party are identical, or where the government is defending its laws and a member of the public intervenes to defend alongside the government. *See, e.g.*, *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). However, contrary to Plaintiff's arguments, neither presumption is applicable here and even if they were, Proposed Defendant-Intervenors have made a sufficient showing to rebut them.

First, this is not an instance where an existing party's and an intervenor's "interests are identical" such that a presumption of adequacy arises. *Berger*, 597 U.S. at 196. Such a presumption typically applies when interests "*overlap fully.*" However, where the intervenor's "'interest is similar to, but not *identical with*, that of one of the parties,' that normally is not sufficient to trigger a presumption of adequate representation." *Id.* at 197 (citing 7C Wright & Miller § 1909) (emphasis added); *see also Arakaki*, 324 F.3d at 1086 ("If the applicant's interest is *identical* to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." (Emphasis added) (citing 7C Wright & Miller § 1909)).

Second, nor is this an instance where a presumption of adequacy arises because "a member of the public seeks to intervene to defend a law alongside the government." *Berger*, 597 U.S. at 196. In the Ninth Circuit, such a presumption "generally arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee." *Forest Conserv. Council*, 66 F.3d at 1499 (9th Cir. 1995) (citing *Pennsylvania v. Rizzo*, 530 F.2d 501, 505 (3d Cir. 1976)). That is, "it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Arakaki*, 324 F.3d at 1086.

As described in Proposed Defendant-Intervenors' initial brief, Dkt. 26-1 at 21-24, and further below in section II.A.2, the interests of California and the Proposed Defendant-Intervenors are separate and do not "overlap fully," nor are the Proposed Defendant-Intervenors simply members of the public seeking to represent citizens' interests. In *Forest Conservation Council*, neither presumption applied because the Forest Service had to "represent a broader view than the more narrow, parochial interests of" the intervenors. 66 F.3d at 1499.[5] So too here.

Proposed Defendant-Intervenors' constituency goes far beyond just the California citizenry, and while the presumption assumes California "adequately represents its *citizens*," *Arakaki*, 324 F.3d at 1086 (emphasis added), that is but a subset of Proposed Defendant-Intervenors' constituents and interests. Dkt. 26-1 at 22-23. Proposed Defendant-Intervenors are interested in defending Proposition 12 to ensure defensibility of animal welfare laws nationwide. Consequently, they will alert the Court to relevant context from other states and put forward arguments that also apply outside California. Thus, far from being "identical" or sharing "the same ultimate objective," *Arakaki*, 324 F.3d at 1086, their interests and objectives are different.[6]

---

[5] In another case cited by Plaintiff, intervention was denied because of the presence of another very similar private intervenor, and because the government defendant had "specific statutory and constitutional obligations" to represent the intervenor. *Arakaki*, 324 F.3d at 1087. There is no similar proposed private intervenor here—no other groups can claim to be the authors and principal proponents of Proposition 12, or of similar laws around the country (*e.g.*, Massachusetts' Question 3). And even in *Arakaki*, the court acknowledged cases in which it "permitted intervention on the government's side in recognition that the intervenors' interests are narrower than that of the government and therefore may not be adequately represented." *Id.* at 1087-88 (citing cases). Indeed, in several cases in which intervention was denied—including some cited by Plaintiff— "additional factors [beyond the government being a defendant] were critical to the court's determination that representation by existing parties was inadequate." *Barke v. Banks*, 2020 WL 2315857 at *4 (C.D. Cal. May 7, 2020) (citing, *inter alia*, *Arakaki*, 324 F.3d at 1087; *Prete*, 438 F.3d at 957-59).

[6] Plaintiff's footnote suggesting that the existence of different interests would result in a lack of standing, Dkt. 33 at 4 n.2, is at best confusing. Neither California nor Proposed Defendant-Intervenors "seek … relief" as neither are presenting counterclaims. Both are (or would be) defendants, but with different interests and objectives. Since they do not independently invoke the Court's jurisdiction, Proposed Defendant-Intervenors do not need to show Article III standing even when they do

The fact that Proposed Defendant-Intervenors were the authors and proponents of Proposition 12 further supports rejecting application of the presumption. Rather than being a mere "member of the public," *Berger*, 597 U.S. at 196, or a mere "citizen" of California, *Arakaki,* 324 F.3d at 1086, Proposed Defendant-Intervenors spent significant resources to design and help pass Proposition 12. *See, e.g.*, Dkt. 26-1 at 14-19. "[A]n official sponsor of a ballot initiative may be considered to add an element not covered by the government in defending the validity of the initiative in that the very act of resorting to a ballot initiative indicates a rift between the initiative's proponents and voters and their elected officials on the issue that underlies the initiative." *Bates v. Jones*, 904 F. Supp. 1080, 1087 (N.D. Cal. 1995) (citing *Yniguez v. Arizona*, 939 F.2d 727, 733 (9th Cir. 1991)) (granting intervention to ballot measure proponents but denying it as to general public interest groups).

Thus, no presumption of adequacy should apply, and no additional showing is necessary to establish that California "may not" adequately represent Proposed Defendant-Intervenors' interests.

### 2. Even If A Presumption of Adequacy Applies, There Are Compelling Reasons To Overcome The Presumption And Find Inadequacy of Representation

Proposed Defendant-Intervenors have significantly different interests and objectives than California, and they satisfy the factors to overcome a presumption, if one applied. *See Arakaki,* 324 F.3d at 1086. In this case, California will not "undoubtedly" make all of the Proposed Defendant-Intervenors' arguments, and by virtue of their perspective as Proposition 12's proponents, the Proposed Defendant-Intervenors would inject "necessary elements" into the proceeding. *See Bates*, 904 F.

---

make different arguments in defense; they only need to show they meet the Rule 24 requirements. *E.g.*, *Brumback v. Ferguson*, 343 F.R.D. 335, 345 (E.D. Wash. 2022) (quoting *Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011) *and Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). Under Rule 24, there is no requirement to bring a counterclaim or otherwise seek independent relief to be granted intervention alongside a state defendant. *See, e.g.*, *Barke*, 2020 WL 2315857 at *4 (granting intervention to intervenors to defend the law alongside the government in the absence of any independent claims).

Supp. at 1087 (ballot measure proponents "add an element not covered by the government" by virtue of their status as proponents).

While broadly speaking Proposed Defendant-Intervenors and California share the general objective of defending Proposition 12, their strategic focus, arguments, and interests are not the same.[7] Plaintiff summarily dismisses as irrelevant the differences between California, a government entity with broad considerations it must balance, and Proposed Defendant-Intervenors, ballot measure proponents with a focused animal protection mission. Dkt. 33 at 5-7. But those are highly relevant differences that indicate the state may not adequately represent the Proposed Defendant-Intervenors' interests. *See Arakaki*, 324 F.3d at 1087-88 (noting line of cases granting intervention in which "intervenors' interests are narrower than the government").

Unlike in, for example, *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009), Proposed Defendant-Intervenors' interests do not simply "circle back to Prop [12]." Of course, Proposition 12 is the subject of this case, and Proposed Defendant-Intervenors have a unique interest, different than the state's, in its defense as proponents of the Proposition. Additionally, their interests "go beyond [California's] laws," *Boot Barn, Inc. v. Bonta*, 2023 WL 5155878, at *3 (E.D. Cal. Aug. 10, 2023)—they seek to ensure that the farm animal protection principles behind Proposition 12, which are vital to their missions, and that measures like Proposition 12 throughout the country, continue to be upheld by the courts. *See* Dkt. 26-1 at 21-24. Thus, unlike California—whose interest does not go beyond its borders and applies generally to its citizenry—one of the Proposed Defendant-Intervenors' main objectives is ensuring that any court decisions in California do not

---

[7] Plaintiff suggests, without citation, that Proposed Defendant-Intervenors argued that California "does not have any interest in animal welfare." Dkt. 33 at 5. That is of course not what Proposed Defendant-Intervenors have ever said or even suggested. Rather, the interest is different in kind—for California, it is but one interest among many and does not extend beyond the state. As Proposed Defendant-Intervenors stated, Defendants have "no specific mandate to advocate for the humane treatment of animals, nor [do they] represent humane interests above others." Dkt. 26-1 at 21.

impair the defense of other materially similar state laws protecting the interests of humane-minded consumers who care about farm animal welfare, such as Massachusetts' Question 3. *Boot Barn,* 2023 WL 5155878, at *3 (granting intervention to "advocacy organizations whose operations" and "goals go beyond any one state's laws"). Proposed Defendant-Intervenors have an objective—which California does not share—in ensuring a nationwide interpretation of Constitutional provisions and laws, including the Federal Meat Inspection Act ("FMIA"), that aligns with, *inter alia*, the recent First Circuit decision upholding Question 3, of which they were also proponents and supporters. *See generally Triumph Foods, LLC v. Campbell*, 156 F.4th 29 (1st Cir. 2025). As proponents of farm animal protection ballot measures in both California and Massachusetts (and elsewhere), Proposed Defendant-Intervenors bring those broader interests to bear and can draw upon their experience should they be admitted in this case.[8]

Precisely because their interest is fundamentally different, focused on animal welfare and the ramifications of this lawsuit on other parts of the country, Proposed Defendant-Intervenors' interests are sufficiently different from California's interests to merit their entry into the case pursuant to Rule 24(a). Indeed, Humane World for Animals and other organizations have been granted intervention as of right in various

---

[8] Plaintiff notes that proposed Defendant-Intervenors were granted *amicus* status in the *Triumph Foods, LLC v. Campbell* case in Massachusetts challenging Question 3. *See* Dkt. 33 at 14 fn.9. As an initial matter, Proposed Defendant-Intervenors believe the ultimate outcome in that case—brought by the same Plaintiff, represented by the same counsel, making substantially the same arguments, about a substantially similar law—should inform a swift dismissal in this case. *See Triumph*, 156 F.4th at 37 (affirming dismissal and summary judgment against Triumph). And even though the District Court in that case denied a motion to intervene, it granted the groups an "*amicus* plus" status in that case—a form of heightened participation beyond normal *amicus* status that is available in the First Circuit. Pursuant to that status, Proposed Defendant-Intervenors were permitted to file multiple briefs throughout the litigation without obtaining leave of court, and their counsel was even invited to a discussion of the case proceedings. Triumph's counsel is well aware of this fact, but does not mention it, conspicuously omitting the sentence of the Massachusetts' court order providing this right. Order, *Triumph Foods, LLC v. Campbell*, No. 1:23-CV-11671, Dkt. 50 (D. Mass. Sept. 19, 2023) ("[Amici] shall receive notice of all filings in this case and *may submit briefs on every issue*." (Emphasis added)).

cases relating to animal protection laws precisely because of this difference.[9]

Plaintiff argues that Proposed Defendant-Intervenors must prove, with specificity, their difference in interest by providing evidence on what arguments California will or will not make, or that shows California will fail to defend Proposition 12 fully. *E.g.*, Dkt. 33 at 7-8, 12. This is, of course, not the test. Rather, a proposed intervenor need only show that representation by an existing party "*may* be inadequate," not that it with certainty *will* be. *Forest Conserv. Council.*, 66 F.3d at 1498. Given that intervention motions are typically filed early in a case, it is impossible to know exactly what an existing party will argue or what positions it will take. But here, the long history of lawsuits (by Triumph and others) against Proposition 12 and other laws, does demonstrate that Proposed Defendant-Intervenors have interests different from, and not adequately represented by, the state defendants.

At this juncture, California has filed its motion to dismiss, and Proposed Defendant-Intervenors have filed a proposed motion for judgment on the pleadings, contingent upon intervention being granted. (Proposed) Notice of Motion and Motion for Judgment on the Pleadings; Memorandum of Points and Authorities, Dkt. 37 (filed Dec. 3, 2025) ("Proposed Defendant-Intervenors' MJOP"). A cursory look at the two documents shows there are significant differences in argument, interest, and approach which merit intervention. *See, e.g.*, *April in Paris v. Becerra*, 2020 WL

---

[9] *See, e.g., Boot Barn,* 2023 WL 5155878, at *3 (in case against California challenging lizard product ban on constitutional grounds, granting intervention to animal protection groups as of right where state employed "cautious and limited litigation" strategy and where groups were "advocacy organizations whose operations" and "goals go beyond any one state's laws"); Order Granting Mot. for Leave to Intervene, *Chinatown Neighborhood Assn. v. Brown*, 3:12-cv-03759-WHO, Dkt. 17 at 3 (N.D. Cal. Sept. 14, 2012) (in case challenging California's prohibition on shark fin sales on constitutional grounds, granting intervention as of right to animal groups because state defendants "may not adequately represent their interests"); *Assoc. Dog Clubs of N.Y. v. Vilsack,* 44 F. Supp. 3d 1, 6-7 (D.D.C. 2014) (in case challenging the federal government's definition of "retail pet store," granting Humane World for Animals intervention as of right, passing "low hurdle required to show inadequacy" where it had separate interests in "furthering its investigatory and information-dissemination programs" that went beyond "the government's broader concerns").

2404620, at *4 (E.D. Cal. May 12, 2020) (granting intervention after briefing was filed where state argued for a narrower interpretation that did not encompass intervenors' interests). For example, California does not argue Triumph lacks standing—whereas Proposed Defendant-Intervenors' brief does so, as part of their desire to prevent entities like Triumph from improperly challenging laws like Proposition 12 in California and across the country. By contrast, the state focuses its arguments on different focal points, even where both briefs address the larger substantive issues. *Compare* Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, Dkt. 36-1 at 6-7, 16-21 (filed Dec. 1, 2025) ("Defendants' MTD") (not mentioning standing but instead focusing on timeliness and devoting five pages to the FMIA claim) *with* Proposed Defendant-Intervenors' MJOP at 5-7, 7-18 (providing standing analysis and FMIA analysis that spans 11 pages).

Given that California and Proposed Defendant-Intervenors' objectives and interests are distinct and different, and that California will not make the same arguments as Proposed Defendant-Intervenors in this case, no presumption of adequacy applies.

### 3. Proposed Defendant-Intervenors' Different Arguments and Expertise Additionally Show Inadequacy

Differences that arise out of disparate interests and objectives, as here, or the addition of expertise, are not mere "strategy" differences, as Plaintiff contends. Dkt. 33 at 8-12. This is especially the case where ballot measure proponents intervene to defend such a measure. *See Bates*, 904 F. Supp. at 1087.

As the court in *Barke* noted, offering "expertise apart from that of the [Defendants]" and offering "a perspective which differs materially from that of the present parties"—particularly by parties who are the "beneficiaries of the challenged statute"—can be relevant in determining adequacy in the context of other factors, "especially [] when considering that Rule 24 is read broadly, in favor of intervenors."

*Barke*, 2020 WL 2315857 at *4 (quoting *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983); citing *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 397–98 (9th Cir. 2002)). As ballot measure authors and proponents, Proposed Defendant-Intervenors bring particularized expertise and "seek to give voice to a different perspective." *Berger*, 597 U.S. at 198. As organizations which represent the interests of farm animals and humane-minded consumers and put the measure on the ballot, Proposed Defendant-Intervenors represent one of the main "beneficiaries" of Proposition 12—humane-minded Californians who make up part of these organizations' members and supporters and are uniquely positioned to speak on it. Proposed Defendant-Intervenors have a wealth of experience on farm animal welfare and litigating farm animal product sales laws in other jurisdictions (such as the recent First Circuit case regarding Question 3), which they can bring into the case to provide the Court with insight and considerations supplemental to those presented by the state. *See* Dkt. 26-1 at 12, 24.

As can be seen in briefing, this leads to significant differences between the arguments of Proposed Defendant-Intervenors and those of California. For example, Proposed Defendant-Intervenors would bring a unique standing argument here based on their specialized knowledge of the pork industry and this particular Plaintiff and its arguments and admissions in other litigation outside of California. *See* Proposed-Defendant Intervenors' MJOP at 5-7.[10]

### B. Proposed Defendant-Intervenors Satisfy The Criteria For Permissive Intervention Under Rule 24(b)

In the alternative, Proposed Defendant-Intervenors should be granted

---

[10] Indeed, Proposed Defendant-Intervenors have previously drawn upon their unique expertise to introduce economics evidence and analysis relied upon by this Court in resolving the *NAMI* case. *See* Proposed Defendant-Intervenors' Opp. to Prelim. Inj., *NAMI*, Dkt. 25-10 at 1, 10, 21 & Ex. 4 (Ikizler Decl.) (filed Oct. 29, 2019); *N. Am. Meat Inst. v. Becerra*, 420 F. Supp. 3d 1014, 1029 n.9 (C.D. Cal. 2019), *aff'd*, 825 F. App'x 518 (9th Cir. 2020). Should this case move past the initial motion to dismiss stage, Proposed Defendant-Intervenors stand ready to offer similar evidence and perspectives that the state may not offer.

permissive intervention under Rule 24(b). Proposed Defendant-Intervenors meet the Rule's requirements—independent grounds for jurisdiction, timeliness, and common questions of law or fact. Fed. R. Civ. P. 24(b). Although Plaintiff in its brief oddly refuses to admit that this Court already found that Proposed Defendant-Intervenors met the standard in prior cases, *see supra* note 3, it does not meaningfully dispute their qualifications to be allowed into this case. Nor could it; as industry litigants also represented by Plaintiff's counsel previously acknowledged, this Court found these same Proposed Defendant-Intervenors met the basic requirements of the Rule, in a case that was virtually identical to this one. *IPPA* Opposition at 5; *IPPA* Order at 9-10. And Plaintiff's opposition would be absurd if it is seen as suggesting that Proposed Defendant-Intervenors do not have a "claim or defense that shares with the main action a common question of law or fact," Rule 24(b)(1)(B), given their intimate involvement with Proposition 12 on multiple levels. See Dkt. 33 at 16. Proposed Defendant-Intervenors bring some different arguments, such as challenging standing, and some similar, such as on the interpretation of the FMIA, and all share common questions of law or fact with California's defense arguments. *See, e.g.*, Proposed Defendant-Intervenors' MJOP at 5-7, 7-21 (standing and FMIA arguments) *and* Defendants' MTD at 6-7, 15-21 (timeliness and FMIA arguments).

Plaintiff primarily suggests that the Court should use its discretion to deny permissive intervention, citing alleged burdens on itself and the Court, such as duplication, delay, prejudice, and the number of groups involved. See Dkt. 33 at 16. Those arguments were unavailing before, *cf. IPPA* Opposition at 5, and remain unavailing now. Proposed Defendant-Intervenors have already shown, by virtue of participation in prior cases before this same Court, that they will abide by the same schedule as the State Defendants, that they will file as a single group rather than separate entities,[11] and that their arguments are not duplicative but rather

---

[11] A month after the Proposed Defendant-Intervenors' filing, a second group of organizations unaffiliated with Proposed Defendant-Intervenors filed a motion to intervene. *See* Am. Mot. to Intervene, Dkt. 32 (filed Nov. 20, 2025). Plaintiff seems

supplemental and therefore contribute to the Court's comprehensive analysis and adjudication by providing the Court with a fuller set of considerations and issues.

Given the Proposed Defendant-Intervenors' history of first authoring and then defending Proposition 12, including before the Supreme Court, *Nat'l Pork Prod. Council v. Ross*, 598 U.S. 356 (2023), their participation in this case, just as in the prior cases in which they were intervenors, will add valuable expertise and arguments that would otherwise not be presented. *See Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (relevant factor to consider in permissive intervention is whether "parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented"); *Doe v. Harris*, 2013 WL 140053 at *2 (N.D. Cal. Jan. 10, 2013) (granting permissive intervention since "the presence of [ballot measure] Proponents in this suit will contribute to the just and equitable resolution of the issues before it . . . [which] may help ensure that the interests of the voters who approved the initiative are fully represented and that 'all viable legal arguments in favor of the initiative's validity are brought to the court's attention'" (quoting *Perry v. Brown*, 265 P.3d 1002, 1024 (Cal. 2011)).

Plaintiff's suggestion that adequacy is the most important "key factor" in deciding on permissive intervention and that it therefore must be denied, Dkt. 33 at 15-16, misstates the standard. A court can consider a range of "other factors in making its discretionary decision" such as the "nature and extent of the intervenors' interest," "the legal position they seek to advance," whether intervention will "unduly delay" litigation, or whether the intervenors will "significantly contribute" to developing the issues. *Spangler*, 552 F.2d at 1329.[12]

---

to suggest that briefing should be consolidated. However, unlike Proposed Defendant-Intervenors, those groups are not ballot measure proponents, *cf.* Mem. in Support of Mot. to Intervene, Dkt. 31-1, at 11-12 (filed Nov. 20, 2025), intervened later, and have never been intervenors in a case challenging the pork provisions of Proposition 12, and are thus positioned very differently.

[12] Plaintiff's cited cases do not suggest otherwise; for example, in both *L.A. Taxi* and *New Cingular Wireless*, permissive intervention was denied not simply because of

- 12 -
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' MOTION TO INTERVENE

That Proposed Defendant-Intervenors will add valuable expertise and a different perspective is clear from the briefing that has already been filed. *See, e.g.*, Proposed Defendant-Intervenors' MJOP at 5-7 (arguments on standing); *compare* Defendants' MTD at 6-7 (arguments on timeliness but not standing).

This very Court, facing challenges from this very plaintiff's counsel, in a case challenging the very same law, has already found that these very same proposed "intervenors have established the three elements necessary to intervene with the Court's permission pursuant to Rule 24(b)" and that intervention should be granted. *IPPA* Order at 9-10. Should the Court deny intervention of right, it should grant permissive intervention here for the same reasons.

## III.  CONCLUSION

For the foregoing reasons, Proposed Defendant-Intervenors' motion to intervene should be granted.

Dated: December 5, 2025

RILEY SAFER HOLMES & CANCILA LLP

*/s/ Bruce A. Wagman*
Bruce A. Wagman (CSB No. 159987)
BWagman@rshc-law.com
RILEY SAFER HOLMES & CANCILA LLP

*Counsel for Proposed Defendant-Intervenors*

---

adequacy, but primarily because adding the intervenors would cause significant delay because of additional claims or additional discovery. *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 2015 WL 5071949, at *4 (N.D. Cal. Aug. 27, 2015) (also noting as a factor of consideration that intervenor could file its own lawsuit); *New Cingular Wireless PCS, LLC v. Kootenai Cnty., Idaho*, 2023 WL 7283153, at *6 (D. Idaho Nov. 2, 2023). *Myer* is an unpublished, *uncitable*, non-precedential opinion on a summary dismissal of a *pro se* non-party motion to set aside a default verdict that was construed as a motion to intervene, in which adequacy was only a summarily mentioned consideration. *Myer v. County of Orange*, 874 F.2d 816 (9th Cir. 1989) (unpublished and uncitable per Ninth Circuit Rule 36-3).

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Proposed Defendant-Intervenors, certifies that this brief contains 4,675 words, which:

X complies with the word limit of L.R. 11-6.1

Dated: December 5, 2025          RILEY SAFER HOLMES & CANCILA LLP

 /s/ Bruce A. Wagman
Bruce A. Wagman (CSB No. 159987)
BWagman@rshc-law.com
RILEY SAFER HOLMES & CANCILA LLP

*Counsel for Proposed Defendant-Intervenors*