UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-09063-CAS-AJRx | Date | January 12, 2026 |
|---|---|---|---|
| Title | Triumph Foods, LLC v. Rob Bonta et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Michael Raupp
Ryann Glenn
Patricia Alberts

Attorneys Present for Defendants:
James Bowen

Attorneys Present for Intervenors:
Bruce Wagman
Jessica Blome

**Proceedings:** ZOOM HEARING RE:
MOTION TO INTERVENE (Dkt. 26, filed on October 20, 2025)
MOTION TO INTERVENE (Dkt. 31, filed on November 19, 2025)

## I.    INTRODUCTION

On September 23, 2025, plaintiff Triumph Foods, LLC ("Triumph" or "plaintiff") filed a complaint against Rob Bonta, the Attorney General of California, Karen Ross, the Secretary of the California Department of Food and Agriculture ("CDFA"), and Erica Pan, the Director of the California Department of Public Health ("CDPH") (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff challenges the constitutionality and seeks to prevent the enforcement of California's Proposition 12 Farm Animal Confinement Initiative, which California voters passed on November 6, 2018 ("Proposition 12"), and its related regulations, California Health & Safety Code § 25990, et seq. Id.

Plaintiff claims that application of Proposition 12 and its related regulations violates the Supremacy Clause of the United States Constitution because it is expressly preempted by the Federal Meat Inspection Act ("FMIA"). Compl. ¶¶ 137-210. Plaintiff alternatively claims that there is implied preemption by the FMIA. Id. ¶¶ 211-228. Plaintiff also claims that Proposition 12 and its related regulations violate the Commerce Clause, the Due Process Clause, and the Import-Export Clause of the United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:25-cv-09063-CAS-AJRx | Date | January 12, 2026 |
|---|---|---|---|
| Title | Triumph Foods, LLC v. Rob Bonta et al | | |

Constitution. Id. ¶¶ 229-296. Plaintiff seeks injunctive and declaratory relief. Id. ¶¶ 297-298.

On October 20, 2025, Humane World for Animals, Animal Legal Defense Fund, Animal Equality, The Humane League, Farm Sanctuary, Compassion in World Farming, Inc., Animal Outlook (collectively, "First Group of Proposed Intervenors") filed a motion to intervene in the case. Dkt. 26 ("FMTI"). On November 19, 2025, The Center for a Humane Economy and Animal Wellness Action (collectively, "Second Group of Proposed Intervenors") filed a motion to intervene in the case. Dkt. 31 ("SMTI").

On November 24, 2025, Triumph filed an opposition to the First Group of Proposed Intervenors' motion to intervene. Dkt. 33 ("F.Opp.").

On December 1, 2025, defendants filed a motion to dismiss the entirety of this action. Dkt. 36.

On December 3, 2025, the First Group of Proposed Intervenors filed a conditional motion for judgment on the pleadings to dismiss this entire action for the Court to consider in the event that the Court grants their motion to intervene. Dkt. 37.

On December 5, 2025, the First Group of Proposed Intervenors filed a reply in support of their motion to intervene. Dkt. 38 ("F.Reply").

On December 11, 2025, the Second Group of Proposed Intervenors conditionally filed a motion to dismiss. Dkt. 41.

On December 22, 2025, Triumph filed an opposition to the Second Group of Proposed Intervenors' motion to intervene. Dkt. 43 ("S.Opp.").

On December 29, 2025, the Second Group of Proposed Intervenors filed a reply in support of their motion to intervene. Dkt. 44 ("S.Reply").

The Court consolidated the hearings on the motions to intervene filed by the First Group of Proposed Intervenors and the Second Group of Proposed Intervenors (collectively, the "proposed intervenors") to be heard jointly on January 12, 2026. Dkt. 35. Triumph and defendants stipulated to a briefing schedule and a hearing date of March 2, 2026, for defendants' motion to dismiss. Dkt. 45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:25-cv-09063-CAS-AJRx | Date | January 12, 2026 |
|---|---|---|---|
| Title | Triumph Foods, LLC v. Rob Bonta et al | | |

On January 12, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Motion to Intervene

A party may intervene pursuant to Federal Rule of Civil Procedure 24 either as of right, or with permission of the Court. "A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). A party who satisfies each of these requirements must be permitted to intervene. Id.

By contrast, "[a] motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." San Jose Mercury News, Inc v. U.S. Dist. Ct., 187 F.3d 1096, 1100 (9th Cir. 1999). The Ninth Circuit has set forth three prerequisites that an applicant seeking permissive intervention under Rule 24(b) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Id. (internal quotation omitted).

## III.   DISCUSSION

Before the Court are proposed intervenors' motions to intervene. The Court addresses the motions together.

The proposed intervenors argue that they are entitled to intervene in this action as of right, and in the alternative, permissively. See FMTI at 3; SMTI at 5. Triumph argues that the proposed intervenors are not entitled to intervene as of right because their interests are adequately represented by defendants. F.Opp. at 1; S.Opp. at 1. Triumph argues that the Court should exercise its discretion to deny permissive intervention because, in addition to being adequately represented by defendants, Triumph contends that the proposed intervenors will serve to complicate arguments, result in delay and duplicative briefing, and needlessly create additional layers of procedural complexity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:25-cv-09063-CAS-AJRx | Date | January 12, 2026 |
|---|---|---|---|
| Title | Triumph Foods, LLC v. Rob Bonta et al | | |

F.Opp. at 16; S.Opp. at 12.  In reply, the First Group of Proposed Intervenors argue that Triumph's concerns regarding duplication, delay, and prejudice are unwarranted because the First Group of Proposed Intervenors can abide by the same schedule as defendants, can file as a single group rather than as separate entities, and that their arguments will supplement rather than duplicate defendants' arguments and therefore contribute to the Court's consideration of the issues.  F.Reply at 11-12.

The Court need not address intervention as of right, as the Court finds and concludes that the proposed intervenors have established the three elements necessary to intervene with the Court's permission pursuant to Rule 24(b): (1) intervenors' applications—filed 27 days and 57 after the action commenced, and before any answer or dispositive motion had been filed by defendants—are timely; (2) there are independent grounds for jurisdiction because this is a federal question case and the proposed intervenors do not propose to raise any new claims, see Freedom from Religion Foundation, Inc. v. Geithner, 644 F.3d 836, 844 (9th Cir. 2011); and (3) there are questions of law and fact in common between the proposed intervenors' defenses, which are "based solely on legal arguments as to the insufficiency of Plaintiff's claims," FMTI at 25 and SMTI at 18, and the main action.  See San Jose Mercury News, Inc., 187 F.3d at 1100.

The Court finds that permissive intervention will not "unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), so long as there are reasonable limits on the proposed intervenors' participation.  See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 383 (1987) (Brennan, J., concurring) ("[R]estrictions on participation may also be placed on an intervenor of right and on an original party."); see also Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.").

### IV.   CONCLUSION

In accordance with the foregoing, the proposed intervenors' motions are **GRANTED**.  The proposed intervenors shall be permitted to intervene in this action pursuant to the following conditions[1]: (1) the defendant-intervenors will abide by the

---

[1] At the hearing, the proposed intervenors agreed to these conditions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-09063-CAS-AJRx | Date | January 12, 2026 |
|---|---|---|---|
| Title | Triumph Foods, LLC v. Rob Bonta et al | | |

same deadlines applicable to the original defendants; (2) the First Group of Intervenors will make joint filings (rather than separate filings as individual entities), and the Second Group of Intervenors will make joint filings (rather than separate filings as individual entities); and (3) the defendant-intervenors will not seek discovery from Triumph, nor will Triumph seek discovery from the defendant-intervenors, except that both Triumph and the defendant-intervenors may ask questions at depositions. The Court **DIRECTS** the proposed intervenors to coordinate, when possible, to minimize duplicative briefing.

The First Group of Intervenors is **ORDERED** to re-file its motion for judgment on the pleadings, dkt. 37, within seven days of the issue of this order. The Second Group of Intervenors is similarly **ORDERED** to re-file its motion to dismiss, dkt. 41, within seven days of the issue of this order. Defendant-intervenors' motions shall be filed in accordance with the local and federal rules and shall be noticed for hearing on March 2, 2026, the same date as defendants' motion to dismiss is set to be heard.[2]

IT IS SO ORDERED.

|  | 00 : 08 |
|---|---|
| Initials of Preparer | CMJ |

---

[2] The deadlines for opposition and reply briefs are to be governed by the local rules unless otherwise stipulated by the parties.